39177. KELLEY v. TANKSLEY, Judge.

DECIDED DECEMBER 5, 1961.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, J. Walter LeCraw, Assistant Solicitor-General,* contra.

JORDAN, Judge. "The duties of a grand jury shall be confined to such matters and things as by the law they are required to perform." *Code* § 59-301.

While it is the duty of the grand jury to investigate and present public officials for malpractice in the performance of their official duties (*Groves v. State,* 73 Ga. 205; *Cook v. Sikes,* 210 Ga. 722, 82 SE2d 641), a grand jury has no right in the absence of specific statutory authority to file a report charging or casting reflections of misconduct in office upon a public officer or impugning his character, except by presentment or true bill of indictment charging such individual with a specific offense against the State; and it is the fundamental right of one who is the subject of such extra-judicial report to have it expunged from the official records. See: In the Matter of the Presentment of the Grand Jury, R. M. Charlton (Ga.) 149; State v. Interim Report of Grand Jury, (Fla.) 93 So. 2d 99; 24 Am. Jur. 859, Grand Jury, § 36; Annotations, 22 ALR 1367; 106 ALR 1388; 120 ALR 437, and cases therein cited. This is not to infer, however, that the grand jury in exercising the investigative powers of a civil nature, specifically delegated to it by statute (see, for example, *Code* § 59-306 authorizing the grand jury to recommend the correction of a mistake of the county tax receiver), may not make fair reports of its findings, even though such reports of necessity incidentally reflect negligence or incompetence, upon the officials involved.

The report of the grand jury sought to be expunged from the records in the instant case was not a special presentment or true bill of indictment charging any individual with the violation of the penal laws of this State. It was in the nature of a general presentment or recommendation in which the grand jury took note of an unsolved theft involving county funds which occurred on county property and recommended that the investigation of such theft be given priority and diligently pursued by the Atlanta Police Department. Under *Code Ann.* § 59-315, which makes it the duty of the grand jury to inspect

all the public buildings and other property of the county and the county records and to make reports of their findings in their general presentments, we think it was within the province of the grand jury to focus attention upon this unsolved theft of county property and make appropriate recommendations.

It is our further opinion, however, that the instant report contained statements unnecessary to the purpose sought to be accomplished by the report, which under a reasonable interpretation thereof did by innuendo and implication cast reflections of misconduct upon the office of the Solicitor of the Criminal Court of Fulton County, the plaintiff in error. This the grand jury manifestly could not do and upon proper motion of the plaintiff in error it was the clear legal duty of the superior court to expunge such statements from the record. While the plaintiff in error in the instant case by his petition to the superior court sought to have the entire report of the grand jury expunged from the record, it is our opinion that he is nevertheless entitled to have those specific portions of the report which tended to cast upon him reflections of misconduct in the performance of his official duties and impugned his motives and character, stricken from the record.

Accordingly, the judgment of the trial court denying the plaintiff in error's motion to expunge is reversed with direction that unnumbered paragraphs 4, 5, 6 and 7 and that portion of unnumbered paragraph 9 which states "and the further fact that the theft occurred in the office of the agency which subsequently investigated" of the report of August 26, 1960, of the Fulton County grand jury, July-August Term, 1960, be expunged from the official court records.

*Judgment reversed with direction. Nichols, P. J., and Frankum, J., concur.*