59952. THOMPSON et al. v. MACON-BIBB COUNTY
HOSPITAL AUTHORITY et al.

BANKE, Judge.

This appeal is by the district attorney and the foreman of the Bibb County Grand Jury from a superior court order expunging a report of the grand jury on the subject of improper activities at the Medical Center of Central Georgia. The Medical Center is a large public hospital in Macon, operated by the Macon-Bibb County Hospital Authority.

During its fall, 1979, term, the grand jury heard evidence in support of an indictment against Barbara Williams, an employee in the intensive care unit of the hospital, who was charged with committing murder and assault by tampering with life-support systems of patients under her care. Some of the witnesses who testified in the case also provided information concerning management problems and unprofessional, if not criminal, conduct on the part of other members of the hospital staff. A report based on this testimony was prepared and made a record of the superior court but was later expunged on motion by the appellees for the stated reason that the grand jury lacked "authority to issue a defamatory or derogatory report about an identifiable person, corporation, or body, without charging such body with the commission of a crime . . ." We note that while the 6-page report is styled a "special presentment," it is in fact merely a report, not intended to serve as the basis for prosecution. *Held:*

Appellants urge at some length that since grand juries were possessed of broad powers and duties under the common law the report at issue in this case was a proper exercise of the grand jury's role. However, by statute in Georgia, "[t]he duties of a grand jury shall be confined to such matters and things as by the law they are required to perform." Code § 59-301. Following this general limitation, the code enumerates certain civil duties the grand jury is required to perform, among others, the examination of voter lists and ballots, the inspection of the books of certain county officers, the inspection of the county jail, and the inspection of public buildings

and property. (Although inspection of public buildings and county property and records is a legitimate statutory concern of the grand jury (Code § 59-315), appellants do not contend that the report in question is the product of such an inquiry.) The legislature has thus expressly limited the functions of the grand jury.

We have consistently held that "a grand jury has no right in the absence of specific statutory authority to file a report charging or casting reflections of misconduct in office upon a public officer or impugning his character, except by presentment or true bill of indictment charging such individual with a specific offense against the state; and it is the fundamental right of one who is the subject of such extra-judicial report to have it expunged from the official records." *Kelley v. Tanksley,* 105 Ga. App. 65, 66 (123 SE2d 462) (1961). Accord, *Harris v. Edmonds,* 119 Ga. App. 305 (166 SE2d 909) (1969). The trial court correctly held that this remedy was available to the Hospital Authority under the facts presented.

The General Assembly from time to time alters and modifies the responsibilities and duties of the grand jury. In 1966 it repealed Chapter 59-4 in its entirety and in 1973 repealed Chapter 59-6.

Since the common law duties of the grand jury have been replaced statutorily, a report of the nature of the complaint herein would not be authorized until the General Assembly changes the law to include within the duties of the grand jury the inspection of the various hospital authorities in the state.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED MAY 8, 1980 — DECIDED MAY 30, 1980 —

*Willis B. Sparks, III, Thomas J. Matthews,* for appellants.
*H. T. O'Neal, Jr., Manley F. Brown, John D. Comer,* for appellees.