36516. THOMPSON et al. v. MACON-BIBB COUNTY HOSPITAL AUTHORITY et al.

NICHOLS, Justice.

This court granted certiorari to review the decision in *Thompson v. Macon-Bibb County Hospital Authority,* 154 Ga. App. 766 (270 SE2d 46) (1980). The case arose when the Bibb County Grand Jury, after investigating charges against an employee of the Medical Center of Central Georgia, returned an indictment against the employee and subsequently issued a report critical of the conduct of the staff and administration at the Medical Center. The trial court ordered the report expunged and the Court of Appeals affirmed. This Court affirms.

The powers of the grand jury are set out in Code Ann. § 59-301 et seq. These code sections authorize the grand jury to return presentments or indictments for any violations of the law. The grand jury is also authorized in specifically defined situations to examine

county records and county facilities and to report on their condition. The issue presented in this case is: Does this specific statutory authority of the grand jury permit it to issue a report critical of the actions of identifiable persons without subjecting the report to expungement?

This question was answered in the negative in *Kelley v. Tanksley,* 105 Ga. App. 65 (123 SE2d 463) (1961). *Kelley* distinguished between reports "casting reflections of misconduct in office upon a public officer" and those reports specifically authorized by statute. The latter reports are allowed, but if they contain "statements unnecessary to the purpose sought to be accomplished by the report," they are overbroad and exceed the powers of the grand jury. Under *Kelley* and the Court of Appeals' decision in this case, the only proper way to accuse an identifiable person with misconduct would be to return a presentment or an indictment. On the other hand, reports of a general nature concerning those areas where the grand jury has a statutory duty to investigate are acceptable. The dividing line between acceptable reports and those reports that go too far in criticizing individuals for unindictable activity is a tenuous one. Because of the practical difficulty involved in trying to distinguish in each case between permissible and impermissible reports, and because of the fundamental individual rights implicated by a report that criticizes identifiable individuals but does not indict, this court is of the opinion that statutory reform of Code Ann. § 59-301 et seq. is required before reports similar to the one in this case could be permitted without threat of expungement. Through a revision of the applicable statutes adequate procedures may be established to resolve the difficulties inherent in the present process.

The fundamental difficulty with the present statutory scheme, as noted by the trial judge, is that "[w]hen an indictment is returned the accused has the right of an open hearing in which to be tried and thereby assert his innocence. Reports of the kind that we are dealing with here offer no such right to the one defamed . . . " The failure to provide some statutory mechanism by which identifiable individuals referred to in the report may respond to the charges against them raises serious questions of due process and fairness. "Several courts have pointed out that injury to an individual . . . can arise not only from the grand jury proceeding, but also from the public's belief that the grand jury speaks with judicial authority." Simington v. Shimp, 398 NE2d 812, 816 (1978). The individual who is named in the report or identifiable from it has little if any opportunity to adequately respond to the report's accusations. The report "castigates him, impugns his integrity. . . and it subjects him to the odium of condemnation. . . without giving him the slightest opportunity to

defend himself." In re Presentments by Camden County Grand Jury, 169 A2d 465, 471 (1961).

This court agrees with the reasoning of the Minnesota Supreme Court in In re Grand Jury of Hennepin County, 271 NW2d 817 (1978). There a report which did not name any individuals was nevertheless prohibited from being made public. "An informal report . . . drafted after a secret investigation and based on an uncertain standard of proof, may be remembered long after equally informal denials or objections . . . from its targets are forgotten. And the report's readers may understandably but incorrectly assume that at least the rudiments of due process — notice and an opportunity to be heard were — offered the accused." Id. at 819. Although there are important even compelling reasons for allowing a grand jury to bring the misconduct and malfeasance of specific public officials to light, this beneficial aspect of grand jury reporting must give way to the need for due process and fairness to the individual. This court suggests, as did the Minnesota Court, that where a statutory scheme is enacted "permitting reports of official misconduct . . . but which may be released only if supported by credible evidence, if the public official under criticism has been allowed to testify before the grand jury, and if the official has had an opportunity to prepare an answer to be appended to the report itself," then the above stated due process problems will be eliminated.[1] Moreover, if such a statute is enacted, the legislature will have specifically provided for grand jury reports similar to the one at issue here. Without such legislation, this court is constrained to hold that the lower courts were correct in their determinations that the report be expunged.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially, Jordan, P. J., and Clarke, J., who concur in the judgment only, and Marshall, J., who dissents.*

ARGUED SEPTEMBER 9, 1980 — DECIDED DECEMBER 3, 1980.

---

[1] The Minnesota Court cited the 1970 statute enacted by New York which authorizes reports by grand juries concerning the misconduct of public officials and also provides for procedural safeguards to protect individual rights. See N. Y. Crim. Proc. Law (McKinney) § 190.85. See also 18 USCA § 3333 a similar federal statute authorizing reports by special grand juries. See generally In re Grand Jury Proceedings 479 F2d 458 (5th Cir. 1973) especially footnote 2; Meyer, *Grand Jury Reports: An Examination of the Law in Texas and other Jurisdictions,* 7 Saint Mary's L. J. 374 (1975); Comment, 52 Mich. L. Rev. 711 (1954); and 28 ALR Fed. 851 (1976). Our statutes currently provide some county officials with a right to appear before the grand jury prior to indictment or presentment in order to make a sworn statement. Code Ann. § 89-9908. This right has also been extended to state officials. Code Ann. § 40-1617.

*Willis B. Sparks, III, Thomas J. Matthews, Assistant District Attorneys,* for appellants.

*John D. Comer, H. T. O'Neal, Jr.,* for appellees.

HILL, Justice, concurring specially.

There is, of course, a difference between misconduct of a public official which is indictable, and conduct which is not criminal yet warrants exposure and official condemnation. A grand jury has the power (albeit not the right) to issue a report critical of a public official, as shown by the case before us. In my view, a grand jury could return such a report and preclude it from being expunged, in the absence of legislation, by adopting rules affording the official notice of the nature of the investigation, and the right to testify before the grand jury, call witnesses and append an answer to the grand jury's report. See *Collins v. Williams,* 237 Ga. 576 (229 SE2d 388) (1976).