38711. CAMPBELL v. FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS et al.

GREGORY, Justice.
In July, 1981 the City of Atlanta (City) entered into an agreement with Fulton County whereby the City authorized the Fulton County Board of Registration and Elections (Board) to conduct the October 6, 1981 City of Atlanta elections. See Code Ann. § 34A-111. This agreement provided that "the supervisor of Elections of Fulton County . . . shall perform all services required by the Charter of the City of Atlanta, Code of Ordinances of the City of Atlanta and Municipal Election Code [Code Ann. Title 34A] of the State of Georgia for the holding of a valid election." Paragraph 4 of this agreement provided that "the County shall not be responsible for the furnishing of any legal services in the form of legal opinions or defenses in any litigation arising by reason of the Atlanta election. All legal services and defense of litigation shall be furnished by the City at no cost to the County." Paragraph 5 of the agreement further provided that "all decisions concerning the qualification of electors, candidates and other matters involving factual or legal questions shall be determined by the City Clerk of Atlanta and/or the City Attorney of Atlanta under the provisions of the Municipal Election

Code."

On October 6, 1981 appellant William C. Campbell received 50.3% of the votes in a field of five candidates[1] for the position of City Council Member from the Second Atlanta City Council District. Following the election, two of appellant's opponents, Grace Davis and Mercedes King, filed complaints with the Fulton County Board of Registration and Elections, alleging that applicant and his campaign workers had committed certain violations of the municipal election laws. The Board, without notice to appellant, ordered Frank Davis, a county employee, to conduct an investigation into these alleged violations. In his deposition Davis states that the Board instructed him it was not necessary to discuss his investigation with appellant; that he spent less than twenty-four hours in conducting the investigation; that, with the exception of appellant, he interviewed all persons associated with the "problems on election day"[2] by telephone; and that none of the statements taken from those persons and used in the report was made under oath.

Davis's report, dated October 9, 1981, recited allegations by those interviewed that appellant's campaign workers illegally assisted voters in completing voter certificates and that appellant himself was illegally "assisting . . . and influencing" voters at the polls.

On October 12, 1981 the Board, relying on the investigative report prepared by Davis, adopted a resolution recommending to the Atlanta City Council that the election for the Second Council District be set aside and that Campbell be "disqualified as a candidate" from the office of Council member. On October 13, 1981 Campbell appeared at a public meeting of the Fulton County Board of Registration and Elections requesting that he be granted an opportunity to be heard and to refute the charges made against him in the investigative report; Campbell also requested that the Board rescind its resolution disqualifying him as a candidate. The Board denied both of Campbell's requests.

On October 21, 1981 the Atlanta City Council conducted a hearing on formal challenges to the Second Atlanta City Council District election filed by Grace Davis and Mercedes King pursuant

---

[1] The remaining votes were distributed among appellant's four opponents as follows: Charles Allen - 4.5%; Carrie Copeland - 3.8%; Grace Davis - 14.1%; Mercedes King - 27.0%.

[2] In his report Davis states that he contacted the candidates for Councilman in the Second District (with the exception of appellant), campaign workers, poll managers, voters, clerks, drivers, employees of the Elections Department and the City of Atlanta Police Department.

to Code Ann. § 34A-1501. The Council rejected both of these challenges.[3]

On October 28, 1981 the Fulton County Board of Registration and Elections adopted a resolution "clarifying" its resolution of October 12, 1981. The "clarifying" resolution stated the Board's intent was to disqualify Campbell as the "winning candidate, and not as a candidate."

On November 2, 1981 Campbell filed a petition for mandamus and complaint for injunctive relief in Fulton Superior Court. In his petition for mandamus, Campbell prayed that the Board's resolutions be expunged from the Board's records. He also prayed for a permanent injunction "from further violation of his constitutional rights" and for attorney fees. In a subsequent amendment to his complaint Campbell prayed for a declaratory judgment that the Board's acts were not authorized by the Municipal Election Code.

Following a hearing the trial court entered an order denying the writ of mandamus on the ground that it was not an appropriate remedy. Simultaneously the court dismissed appellant's complaint for injunctive and declaratory relief. This appeal followed.

(1) We agree with Campbell that the Board lacked the authority to issue a resolution recommending that he be disqualified either as a candidate or as the "winning" candidate in the Second District race.

Under Code Ann. § 34A-111 the governing authority of any municipality in a county having a population in excess of 550,000 may, by contract, authorize that county to conduct its municipal elections. However, "unless otherwise authorized, such county shall only perform those functions *specifically enumerated* in the contract." (Emphasis supplied.) The contract in this case between Fulton County and the City of Atlanta authorized the county to conduct a "valid election" under the Municipal Election Code for a sum certain, but specifically reserved in the City the power to render decisions "concerning the qualifications of electors, candidates and other matters involving factual or legal questions." The complaints registered by appellant's opponents with the Board were an ineffective attempt to contest the election under Code Ann. § 34A-1501; under the terms of its contract with the City the Board had no authority to hear a petition to contest the election or to conduct an investigation into alleged election violations. Neither did the Board

---

[3] The record before us does not indicate whether the Atlanta City Council acted on or acknowledged the Board's recommendation that Campbell be disqualified as a candidate in this race. However, it is not disputed that Campbell is currently serving his term as Atlanta City Councilman from the Second District.

have the authority to issue a resolution recommending that appellant be disqualified. The danger in approving practices such as those taken by the Board in this case is evident. While the Municipal Election Code provides for rudimentary elements of due process — notice and an opportunity to be heard — where there is a petition to contest an election, in this case the Board, acting outside the scope of this statutory scheme, not only failed to provide appellant with an opportunity to be heard, but unequivocally denied his request for one. Code Ann. § 34A-1501. In this regard we are persuaded by the reasoning underlying those cases which allow expungement of statements unnecessary to the purpose sought to be accomplished by a grand jury report when the report is critical of a named individual or institution but no indictment is returned. "An informal report . . . drafted, after a secret investigation and based on an uncertain standard of proof, may be remembered long after equally informal denials or objections . . . from its targets are forgotten." *Thompson v. Macon-Bibb County Hosp. Auth.,* 246 Ga. 777, 779 (273 SE2d 19) (1980). See also, *Kelley v. Tanksley,* 105 Ga. App. 65 (123 SE2d 463) (1961). Where the minimum requirements of due process are not met by a mechanism permitting the individual criticized in the report to respond to the accusations against him and no indictment is returned against him, that individual has the right to have the criticism expunged from the record. *Thompson,* supra. Likewise, the appellant in this case has the right to have the Board's resolutions affecting him expunged from the Board's records.

The trial court considered the evidence before it and denied the writ of mandamus. We reverse. Code Ann. § 64-101.

(2) Because of our holding in Division 1 of this opinion, we find it unnecessary to reach appellant's remaining enumerations of error. We do note that appellant has cited no authority which would entitle him to attorney fees in this case and we are aware of none. We, therefore, affirm the trial court's order insofar as it purports to deny attorney fees to appellant.

*Judgment reversed in part; affirmed in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Paul, Hastings, Janofsky & Walker, R. Lawrence Ashe, Jr.,* for appellant.

*John Tye Ferguson, Jr.,* for appellees.