## 65349. IN RE PRESENTMENTS OF THE LOWNDES COUNTY GRAND JURY, MARCH TERM 1982.

SOGNIER, Judge.

The International Union of Police Association, Local Number 148, founded by members of the Valdosta Police Department, petitioned the superior court to expunge portions of the general presentments of a grand jury investigating missing funds from the Police Department Recreational Club. The trial court denied the prayers of the petition and the union appeals.

The grand jury stated in its presentments dated March 22, 1982, that while testimony showed that substantial funds were missing due to careless accounting and spending practices as well as theft, evidence was inadequate to indict any individual or individuals of a crime. The presentments also contained the statement: "The Grand Jury is shocked and appalled that such conduct could take place among some of our police officers, who should all set high moral standards for the community." On May 11, 1982, a police officer was indicted on the charge of theft by taking the missing funds; the state subsequently filed a motion to nolle pros the indictment based on inadequacy of evidence, which the court granted on October 7, 1982.

Appellant contends, among other things, that the trial court erred in ruling that the presentments do not criticize identifiable individuals and that therefore, *Thompson v. Macon-Bibb County Hosp. Auth.,* 246 Ga. 777 (273 SE2d 19) (1980), does not apply to require expunction. We agree with appellant's contention and reverse. The instant case is controlled favorably to appellant by *Thompson* and by other cases which allow expunction of statements unnecessary to the purpose sought to be accomplished by a grand jury report when the report is critical of identifiable individuals or institutions but no indictment is returned. See *Harris v. Edmonds,* 119 Ga. App. 305 (166 SE2d 909) (1969); *Kelley v. Tanksley,* 105 Ga. App. 65 (123 SE2d 462) (1961). Reports containing such statements are "overbroad and exceed the [specific statutory] powers of the grand jury." *Thompson,* supra at 778. Further, because identifiable individuals referred to in such statements are afforded no statutory mechanism by which they may respond to the charges against them, "serious questions of due process and fairness" are raised. Id.

The city police department, upon which the presentments cast reflections of misconduct, is comprised of individuals who are no less identifiable than the hospital staff and administration referred to in the report ordered expunged in *Thompson.* As in *Thompson,* it was

not necessary that the presentments in the instant case name specific individuals when they were otherwise identifiable. *Thompson,* supra at 779. See In re Grand Jury of Hennepin County, 271 NW2d 817, 818 (Minn. 1978). Further, contrary to the trial court's ruling, the subsequent indictment of a single individual did not render moot the issue of the implication of other individuals by the portion of the presentments that exceeded the grand jury's statutory authority. The indictment of one officer did not supplant the requirement for expunction of the unauthorized statements implicating the entire city police department. See generally *Thompson,.* supra; *Kelley,* supra.

It is the right of an individual who is the subject of presentments which do not contain an indictment charging him with a specific offense to have those portions which accuse him of misconduct expunged from the official records. *Harris,* supra; *Kelley,* supra. This right applies no less to individuals collectively who in the instant case, are all identifiable members of the staff of a city police department. See *Thompson,* supra. The trial court erred in denying appellant's petition to expunge portions of the presentments issued in excess of the grand jury's statutory authority.

*Judgment reversed and case remanded with direction to enter an order not inconsistent with this opinion. Quillian, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1983.

*Richard W. Shelton,* for appellant.
*H. Lamar Cole, District Attorney, Greg Jacobs, Assistant District Attorney,* for appellee.