72526. IN RE GWINNETT COUNTY GRAND JURY
PROCEEDINGS.
(348 SE2d 757)

BIRDSONG, Presiding Judge.

This action was brought by Randolph Simpson, the Gwinnett County Coroner, to expunge a paragraph of the General Presentments of the March Term, 1985, Gwinnett County Grand Jury. The grand jury's General Presentments were divided into reports from thirteen different committees, investigating thirteen departments of the county. The committee report on the Coroner's Office recommended the "establishment of a Code of Ethics for elected County Officials, to insure that when an elected official's conduct is improper, that there is a method and procedure for reprimand." Simpson sought to expunge this recommendation by the committee on the grounds that it "accuses the Petitioner of wrongdoing in general terms which tends to impugn his character and question[s] his integrity, but which fails to charge the Petitioner with any specific wrongdoing or crime." Following a hearing, the trial court expunged one paragraph relating to the operation of the coroner's office, but denied Simpson's request to expunge the paragraph quoted above because it was "within the permissible scope of grand jury findings and recommendations." Simpson filed this appeal. *Held*:

Simpson argues that the recommendation of the grand jury, by innuendo and implication, casts reflections of misconduct upon his office. The State contends the paragraph is directed to all elected county officials and therefore does not impugn the character of Simpson, or his office, and is within the authorized recommendations of a grand jury.

This court addressed a similar issue in *In re Presentments of the Lowndes County Grand Jury*, 166 Ga. App. 258 (304 SE2d 423), in which the grand jury noted "substantial funds were missing due to careless accounting and spending practices as well as theft . . . [and was] shocked and appalled that such conduct could take place among some of our police officers. . . ." Id. at 258. This court found such statements "overbroad and exceed the [specific statutory] powers of the grand jury" because "the report is critical of identifiable individuals or institutions but no indictment is returned." Id. at 258.

The decision in *Lowndes County Grand Jury*, supra, was premised, in part, upon *Kelley v. Tanksley*, 105 Ga. App. 65 (123 SE2d 462), in which this court held that "a grand jury has no right in the absence of specific statutory authority to file a report charging or casting reflections of misconduct in office upon a public officer or impugning his character, except by presentment or true bill of indictment charging such individual with a specific offense against the State. . . . This is not to infer, however, that the grand jury in exercising the investigative powers of a civil nature . . . may not make fair reports of its findings, even though such reports of necessity incidentally reflect negligence or incompetence, upon the officials involved." Id. at 66. Our Supreme Court agreed that "[t]he latter reports are allowed, but if they contain 'statements unnecessary to the purpose sought to be accomplished by the report,' they are overbroad and exceed the powers of the grand jury. . . . On the other hand, reports of a general nature concerning those areas where the grand jury has a statutory duty to investigate are acceptable. The dividing line between acceptable reports and those reports that go too far in criticizing individuals for unindictable activity is a tenuous one." *Thompson v. Macon-Bibb County Hosp. Auth.*, 246 Ga. 777, 778 (273 SE2d 19).

The committee sub judice was authorized to investigate the coroner's office, and they had the power to propose the recommendation they made. *Kelley*, supra, condemned reports "charging or casting reflections of misconduct . . . upon a public officer or impugning his character. . . ." The report made in the instant case referred only to "establishment of a Code of Ethics for elected County Officials," which refers generally to all county officials and not to any one person or office. The test in *Thompson*, supra, proscribed reports which cast "reflections of misconduct in office upon a public officer" but approved "reports of a general nature concerning those areas where the grand jury has a statutory duty to investigate. . . ." The recommendation in the instant case was general in nature, implied no misconduct of any county official or office, and only incidentally could be construed as critical of any person or office because it was made by the committee investigating the coroner's office. This tenuous rela-

tionship is insufficient to require expungement of an authorized recommendation of a committee, which had a statutory duty to investigate such area, which was of a generalized nature, and contained no references to any specific person or office. The trial court did not err in refusing to expunge this grand jury recommendation.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 9, 1986.

*Macklyn A. Smith*, for appellant.
*Thomas C. Lawler III, District Attorney*, for appellee.