## 74978. IN RE HENSLEY.
### (362 SE2d 432)

POPE, Judge.

The Columbia County grand jury for the September 1986 term of the superior court appointed a citizen committee to conduct a civil investigation of the Columbia County Sheriff's Office. The committee consisted of most, but not all, of the members of the grand jury. Over a period of seven days the committee heard sworn testimony from twenty-nine witnesses, including appellant, Sheriff Otis Hensley. On February 11, 1987 the committee issued an extensive report charging numerous instances of improper or illegal action by Sheriff Hensley and other officials within the Sheriff's department. On the same day, the grand jury met and adopted the report of the committee as its own and directed that a copy of the report be published in the official county organ. The report recommended, inter alia, that the district attorney take legal action to remove Sheriff Hensley from office.

On February 28, 1987 appellant Hensley filed a petition in the lower court to expunge the grand jury report from the record and to restrain the grand jury from further publishing said report. Appellant also filed a motion to disqualify members of the grand jury from any further participation in any investigation of appellant or the sheriff's department. Subsequently, the grand jury, before the expiration of its term, issued special presentments charging appellant and one of his deputies with two counts of theft by taking and with perjury during sworn testimony before the citizen committee. Sheriff Hensley appeals the lower court's denial of his petition and his motion for disqualification of grand jurors.

1. "While it is the duty of the grand jury to investigate and present public officials for malpractice in the performance of their official duties [cits.], a grand jury has no right in the absence of specific statutory authority to file a report charging or casting reflections of mis-

conduct in office upon a public officer or impugning his character, except by presentment or true bill of indictment charging such individual with a specific offense against the State; and it is the fundamental right of one who is the subject of such extrajudicial report to have it expunged from the official records. [Cits.] This is not to infer, however, that the grand jury in exercising the investigative powers of a civil nature, specifically delegated to it by statute . . . , may not make fair reports of its findings, even though such reports of necessity incidentally reflect negligence or incompetence, upon the officials involved." *Kelley v. Tanksley*, 105 Ga. App. 65, 66 (123 SE2d 462) (1961).

Responding for the grand jury, the district attorney argues the report in question falls within the exception set forth in *Kelley*. The grand jury in this instance had the statutory authority to appoint a committee to inspect the records of the sheriff and "to hear evidence in regard to fraud, the nonperformance of official duty, and the improper disbursement of county funds." OCGA § 15-12-76 (a) and (b). Upon the report of the committee the grand jury could have issued a presentment of malpractice in office. See OCGA § 45-11-4; *Beauchamp v. Smith*, 250 Ga. 16 (295 SE2d 97) (1982). However, the grand jury's adoption of the report of the citizen committee was not set forth as a presentment. In fact, it was filed with the court and served upon appellant under the title "Grand Jury Investigation Report." As in *Kelley*, the report sought to be expunged from the record "was not a special presentment or true bill of indictment charging any individual with the violation of the penal laws of this State." *Kelley v. Tanksley*, supra at 66.

"[Reports specifically authorized by statute] are allowed, but if they contain 'statements unnecessary to the purpose sought to be accomplished by the report,' they are overbroad and exceed the powers of the grand jury. [Quoting *Kelley v. Tanksley*, supra.] Under *Kelley* . . . the only proper way to accuse an identifiable person with misconduct would be to return a presentment or an indictment. On the other hand, reports of a general nature concerning those areas where the grand jury has a statutory duty to investigate are acceptable. The dividing line between acceptable reports and those reports that go too far in criticizing individuals for unindictable activity is a tenuous one. Because of the practical difficulty involved in trying to distinguish in each case between permissible and impermissible reports, and because of the fundamental individual rights implicated by a report that criticizes identifiable individuals but does not indict, this court is of the opinion that statutory reform of [OCGA § 15-12-71 et seq.] is required before reports similar to the one in this case could be permitted without threat of expungement." *Thompson v. Macon-Bibb County Hosp. Auth.*, 246 Ga. 777, 778 (273 SE2d 19) (1980). In a spe-

cial concurrence to the *Thompson* opinion, Justice Hill stated: "In my view, a grand jury could return [a report critical of a public official] and preclude it from being expunged, in the absence of legislation, by adopting rules affording the official notice of the nature of the investigation, and the right to testify before the grand jury, call witnesses and append an answer to the grand jury's report." Id. at 780. The legislature has not seen fit to expand the statutory authority of the grand jury to permit the publication of general presentments criticizing or accusing individuals of unindictable activities. Neither did the grand jury in this case permit the appellant to call witnesses before the grand jury and append his own response to the grand jury's report.

The fact that criminal presentments were subsequently handed down against appellant and one of his deputies does not excuse the publishing of those portions of the general civil presentment which exceed the grand jury's statutory authority. See *In re Presentments of Lowndes County Grand Jury*, 166 Ga. App. 258 (304 SE2d 423) (1983). The rights of numerous other individuals identified in the report are also affected. Therefore, we reverse the trial court's denial of appellant's petition to expunge the offensive portions of the report from the official record.

In *Kelley*, the court ordered only the offensive paragraphs of the report be expunged. In the case sub judice, all paragraphs within the sections entitled "Findings of Fact" and "Recommendations" must be expunged. The introductory paragraphs which describe the committee, the scope of the investigation and identity of the witnesses who testified before the committee may remain in the record, along with the final paragraph and signatures of the committee members at the end of the report. While this effectively removes the substance of the report, the record will still reflect that the committee conducted an investigation and reported to the grand jury which ultimately returned criminal presentments.

2. In his second enumeration of error appellant argues the court erred in denying his motion to disqualify the grand jury from any further investigation of him. Appellant argues that because the members of the grand jury were also members of the committee which investigated him and issued the report in question, they could not possibly be fair and unbiased in making a decision whether he should be indicted. However, the law " 'does not require that grand jurors should be impartial and unbiased. In this respect, their position is entirely different from that of petit jurors. . . .' *United States v. Knowles*, 147 FSupp. 19, 21 [(D.D.C. 1957)]." *Creamer v. State*, 150 Ga. App. 458, 460-461 (258 SE2d 212) (1979). It is the statutory duty of grand jurors to examine or make presentments of offenses which come to their knowledge either before or after they have been sworn.

OCGA § 15-12-74. Family relationship is the only statutory ground for disqualification of an otherwise qualified grand juror. OCGA § 15-12-70. Therefore, the court did not err in denying appellant's motion to disqualify the grand jury.

Appellant also argues it is improper for the grand jury which appointed the citizen committee to receive or take action on any report issued by that committee because the statute authorizing the appointment of such a committee requires the report to be made to the grand jury at the succeeding term of the superior court. However, OCGA § 15-12-76 (a) simply permits a citizen committee to make its report to the succeeding term and does not prohibit such a committee from returning a report during the term of the court at which it was appointed. See *Chatham County v. Gaundry*, 120 Ga. 121 (4) (47 SE 634) (1904).

3. Finally, appellant argues the lower court erred in not allowing him to call as a witness the foreman of the grand jury to establish that grand jurors comprised the citizen committee which issued the report in question. Since this fact provided no ground for disqualifying the grand jury, the testimony of the witness was irrelevant to the issues presented and the court did not err in refusing to allow the witness to be called.

*Judgment affirmed in part; reversed in part and case remanded. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 22, 1987.

*Charles L. Wilkinson III*, for appellant.
*Sam B. Sibley, Jr., District Attorney*, for appellee.