A89A0803. POWELL et al. v. THE STATE.
A89A0804. JOHNSON COUNTY GRAND JURY v. POWELL
et al.
(382 SE2d 634)

DEEN, Presiding Judge.

### Case No. A89A0803

In this interlocutory appeal, the appellants contend that the trial court should have quashed the indictments against them because certain provisions of OCGA § 45-11-4 were not complied with when the matter was presented to the grand jury. Specifically, the appellants note that (1) none of the appellants was placed under oath prior to making statements to the grand jury; (2) the grand jury improperly questioned one appellant following his statement; (3) during the questioning of that appellant, a GBI agent interjected remarks; and (4) following the statement of another appellant, the district attorney made remarks to the grand jury which amount to the presentation of additional evidence.

In *Felker v. State*, 252 Ga. 351, 366 (314 SE2d 621) (1984), the Supreme Court endorsed this court's holding in *Summers v. State*, 63 Ga. App. 445, at 449 (11 SE2d 409) (1940), that " 'where . . . it appears that a competent witness or witnesses were sworn and examined before the grand jury by whom the indictment was preferred, a plea in abatement on the ground that it was found on insufficient evidence, or illegal evidence, or no evidence, will not be sustained, because it comes under the rule that no inquiry into the sufficiency or legality of the evidence is indulged.' " The appellants did not contend, much less show, that the indictments were returned on wholly illegal evidence, and the trial court thus properly denied their joint plea in abatement. *Felker v. State*, supra.

### Case No. A89A0804

On March 22, 1988, a grand jury was empanelled and sworn for Johnson County. On April 4, 1988, the grand jury made certain general presentments, including one concerning the county commissioners' office: "Commissioners' Office — no problems found." Following the return of the indictments against the appellees (the appellants in Case No. A89A0803), the grand jury made supplemental general presentments, to wit:

"The Grand Jury, after having heard evidence concerning the maintenance and record keeping of County property makes the following recommendations:

"1. The Grand Jury recommends that the Johnson County Commissioners, as well as all other County offices, implement an inventory policy that will allow interested citizens the opportunity to inspect the records of all public property owned by Johnson County.

"2. The Grand Jury recommends that the Johnson County Commissioners review the legal requirements in taking and receiving bids to make repairs on public property and doing public works and follow said requirements.

"3. The Grand Jury recommends that the Johnson County Commissioners maintain minutes of their meetings and maintain adequate financial records that the affairs of the County can be properly monitored.

"4. The Grand Jury recommends that the next succeeding Grand Jury be made aware of these presentments so that they may inquire into the progress made in implementing these recommendations."

Upon the appellees' motion, however, the trial court expunged these supplemental presentments. This appeal followed.

"While it is the duty of the grand jury to investigate and present public officials for malpractice in the performance of their official duties [cits.], a grand jury has no right in the absence of specific statutory authority to file a report charging or casting reflections of misconduct in office upon a public officer or impugning his character, except by presentment or true bill of indictment charging such individual with a specific offense against the State; and it is the fundamental right of one who is the subject of such extrajudicial report to have it expunged from the official records. [Cits.] This is not to infer, however, that the grand jury in exercising the investigative powers of a civil nature, specifically delegated to it by statute . . . , may not make fair reports of its findings, even though such reports of necessity incidentally reflect negligence or incompetence, upon the officials involved." *Kelley v. Tanksley*, 105 Ga. App. 65, 66 (123 SE2d 462) (1961). See also *Thompson v. Macon-Bibb County Hosp. Auth.*, 246 Ga. 777 (273 SE2d 19) (1980).

In the instant case, we disagree with the assessment that the grand jury's supplemental general presentments reflected upon a public official's misconduct in office or impugned the character of an official. The presentments made general, administrative recommendations that would lessen the opportunity for the type of misconduct it apparently had recently heard and considered in returning the indictments against the appellants. This aspect of the supplemental presentments provided no basis to expunge the presentments.

OCGA § 36-9-10 provides that "[i]t shall be the duty of the grand

juries to inspect all the public buildings and other property of the county and the county records and to report in their general presentments their condition." The trial court also concluded that the grand jury made its recommendations without first making a physical inspection of the county records in the commissioners' office. At the hearing, it was adduced that in its first session the grand jury did physically inspect the commissioners' office, albeit in a somewhat cursory fashion, although the supplemental presentments were primarily based upon the testimony before the grand jury that led to the indictments. Under these circumstances, the grand jury's supplemental general presentments did not exceed its statutory authority, cf. *In re Hensley*, 184 Ga. App. 625 (1) (362 SE2d 432) (1987), and we find the shallowness of its investigation in this case to be insufficient basis to expunge these presentments.

*Judgment affirmed in Case No. A89A0803; judgment reversed in Case No. A89A0804. Birdsong and Benham, JJ., concur.*

DECIDED MAY 8, 1989 —
REHEARINGS DENIED MAY 22, 1989 —

*Joe W. Rowland*, for appellants (case no. A89A0803).

*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.

*Tyson Blue, Assistant District Attorney*, for appellant (case no. A89A0804).

*Joe W. Rowland*, for appellees.