## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

 v.

William J. Bradburn

January 29, 1990

Case No. (Criminal) 62524

By JUDGE RICHARD J. JAMBORSKY

  This matter is before the Court on the motion of the defendant, William J. Bradburn, to suppress the results of a blood test taken after he was arrested for driving while intoxicated under § 18.2-266 of the Virginia Code. The Court granted the defendant's motion on January 19, 1990, for the following reasons.

  The defendant was involved in an automobile accident on August 11, 1989. He was taken to the Reston Hospital Center and placed under arrest. A hospital technician, Lubin Hernandez, withdrew the defendant's blood without prior designation by court order. Virginia's Implied Consent Law, Va. Code Ann. § 18.2-268, provides in pertinent part:

> F. Only a physician, registered professional nurse, graduate laboratory technician, or a technician or nurse designated by order of a circuit court acting upon the recommendation of a licensed physician, using soap and water, polyvinylpyrrolidone iodine or benzalkonium chloride to cleanse the part of the body from which the blood is taken and using instruments sterilized by the accepted steam sterilizer or some other sterilizer which will not affect

the accuracy of the rest, using chemically clean sterile disposable syringes, shall withdraw blood for the purpose of determining the alcoholic or drug or both alcoholic and drug content thereof.

Section 18.2-268(F).

The defendant contends that the blood tests are inadmissible because the statute does not authorize a hospital technician to draw blood for testing absent a court order. The Commonwealth contends that the qualifications of the person drawing blood are a procedural step relating to the taking of blood so that substantial compliance is sufficient under § 18.2-268(Z). Subsection Z provides, in pertinent part, "[t]he steps herein set forth relating to the taking, handling, identification, and disposition of blood or breath samples are procedural in nature and not substantive. Substantial compliance therewith shall be deemed to be sufficient." The Commonwealth argues that because Lubin Hernandez was trained and experienced in drawing blood, the defendant's blood was taken in substantial compliance with § 18.2-268(F).

It is the opinion of the Court that the qualifications of the person drawing blood are not a procedural requirement waived by § 18.2-268(Z). Qualifications are not a sequential step in the physical process of taking the blood. Taking blood involves cleansing the part of the body from which blood is to be drawn, using sterile instruments to draw the blood, and withdrawing the blood. It is only when a circuit court designates an otherwise unqualified nurse or technician that the qualification of that individual might be characterized as a sequential part of the process. The action of obtaining such a court order differs so greatly from the actions or sterilizing instruments, cleansing skin, and drawing blood, however, that the Court believes it would unreasonably strain the meaning of the word "taking" to read it in this manner. Furthermore, the terms taking, handling, identification, and disposition bear no relation to the concept of qualifications. This lack of relationship implies that the qualifications of the person performing the enumerated acts are not within the class of procedural steps created by the legislature.

The Court views the requirement that only authorized individuals take blood as a safeguard built into the statute. This view appears to be supported by case law. In *Stroupe v. Commonwealth*, 215 Va. 243, 207 S.E.2d 894 (1974), the court implied that the qualifications of the person administering a test operate as a built-in safeguard distinct from the procedural steps. The court reasoned that evidence that the operator of a breath analyzer was licensed to administer breath tests raises a reasonable inference that the operator used approved machines and methods to conduct the test. 215 Va. at 244. Thus, the results were admissible despite the Commonwealth's failure to introduce any evidence concerning the testing procedure. *Id.* Conversely, the results of a breath test conducted by an operator whose license has expired are inadmissible despite the lack of any showing that the test was improperly administered. *Brooks v. City of Newport News*, 224 Va. 311, 295 S.E.2d 80 (1982) (error harmless when other evidence left no reasonable doubt of the defendant's condition at the time of the offense). The *Brooks* court unequivocally stated, "[t]he qualification of the operator is a matter of substance, not procedure, and is not waived by subsection S [now subsection Z]." 224 Va. at 315. Admittedly, the difference between the tasks performed by a person operating a breath analyzer and those performed by a person drawing blood to be tested elsewhere renders *Brooks* distinguishable, to some extent, from the case at bar; the case nevertheless provides some guidance for this Court. The one case which addressed the question in the context of blood test results suggests that the reasoning should apply here. In *Shumate v. Commonwealth*, 207 Va. 877, 153 S.E.2d 243 (1967), the court admitted blood test results despite the Commonwealth's failure to show that blood was drawn by a qualified person. In *Shumate*, however, "no one seemed to question that the blood was taken by a proper person in a proper way." 207 Va. at 881.

Finally, only this reading gives full effect to every word of the statute. The first principle of statutory construction is that a statute should be read to give effect to each and every word, clause, and part. *E.g.*, 2A Sutherland, Statutory Construction § 46.06 (4th Ed. 1973). Under the Commonwealth's reading of the statute, the word "only" and the list of qualified persons would

lose all meaning and be rendered surplusage. Reading the qualifications as substantive, however, would give meaning to all the words in both subsections F and Z.

On the whole, it is the Court's opinion that the implied consent law defines the qualifications of the person drawing blood as a substantive requirement which is not waived by subsection Z. Because the defendant's blood was drawn by an unauthorized individual, the defendant's motion to suppress is granted.