A97A0638. IN RE FLOYD COUNTY GRAND JURY PRESENTMENTS FOR MAY TERM 1996.
(484 SE2d 769)

ELDRIDGE, Judge.

On September 6, 1996, the May Term Floyd County Grand Jury filed its presentments in the Superior Court of Floyd County. The presentments contained a report entitled "Attorney General's Investigation," which purported to detail actions of the Attorney General's Office relevant to the Hospital Authority of Floyd County (Hospital Authority) and certain individuals affiliated with the Hospital Authority. The presentment contained allegations which not only were critical of the Attorney General, but also cast reflections of misconduct and impugned the character of the Attorney General and his office.

A petition to expunge the grand jury report was filed by the Attorney General's Office on September 10, 1996, with the Superior Court of Floyd County, alleging that the report was ultra vires, contained false and misleading information, and was an abuse of the grand jury system at the hands of the Floyd County District Attorney who manipulated the grand jury in an effort to embarrass the Attorney General.

By way of background the Attorney General had previously sought and obtained a Fulton County indictment of the District Attorney in 1993 for false statements. This indictment was dismissed on venue grounds. Subsequently, an indictment charging the District

Attorney with multiple counts of false statements and theft was presented by the Attorney General to a Floyd County Grand Jury, which rendered a no bill.

The petition to expunge further showed that the District Attorney had obtained indictments for making false statements against the Hospital Authority's attorney, Wade Monk, and against the Hospital Authority Executive Director, Bill Waters. Thereafter, the District Attorney immediately disqualified himself and his office from prosecuting the case. The Governor requisitioned the Attorney General to provide prosecutorial services in these previously indicted cases against Monk and Waters as "necessary and proper."

The District Attorney made a motion to dismiss the petition to expunge, and it was ordered sealed by the court because attached to the motion was a proposed grand jury report which had never been adopted by the grand jury. Also attached to the motion was a copy of a letter from the District Attorney to the Executive Counsel to the Governor asking that the Governor direct the Attorney General to undertake civil action against members of the Hospital Authority to resolve conflicts of interest and to recover possible improperly received profits.

A hearing was held on September 16, 1996, after which the trial court ordered that certain portions of the presentment referring to campaign contributions and referring to an Atlanta law firm doing Hospital Authority work was ordered expunged but left the remainder of the report unchanged. However, the remaining allegations in the report were left unchanged and intact by the trial court, and such matters ultimately were published in the legal organ for Floyd County. In so ruling, the trial court determined that the Attorney General was not acting as a state official in his activities involving the Hospital Authority, but as a "district attorney pro tempore." As such, the trial court concluded that the grand jury report related to local government issues, rather than a state office, and were thus proper for reporting by the grand jury. The trial court found that the grand jury digressed from its proper activities in reporting on the Attorney General's supposed motives and the "conduct of Mr. Bowers personally."

Notice of appeal was filed on October 29, 1996, because the trial court failed to completely expunge the record.

1. The first enumeration of error is that the trial court failed to expunge the entirety of that portion of the Floyd County Grand Jury Presentment for the May Term which related to the "Attorney General's Investigation" in that the remaining portion of the report concerned the actions of a state constitutional officer and state agency, and constituted an ultra vires act of the Floyd County Grand Jury beyond its statutory authority under OCGA § 15-12-71 (a).

Since the grand jury proceedings are secret, OCGA § 15-12-73, it is possible that a grand jury as a group of laypersons can exceed the scope of their authority and, because of their membership, become involved in politics and in local feuds. It is for this reason that a superior court judge supervises the grand jury and has the duty to scrutinize, receive, and order filed the presentment of the grand jury. OCGA §§ 15-12-80; 15-12-100 (a); 15-12-101; *Thompson v. Macon-Bibb County Hosp. Auth.*, 246 Ga. 777, 778-779 (273 SE2d 19) (1980); *In re Hensley*, 184 Ga. App. 625, 626-627 (1) (362 SE2d 432) (1987).

"[A] grand jury has no right in the absence of specific statutory authority to file a report charging or casting reflections of misconduct in office upon a public officer or impugning his character, except by presentment or true bill of indictment charging such individual with a specific offense against the State; and it is the fundamental right of one who is the subject of such extra-judicial report to have it expunged from the official records. [Cits.] . . . It is our further opinion, however, that the instant report contained statements unnecessary to the purpose sought to be accomplished by the report, which under a reasonable interpretation thereof did by innuendo and implication cast reflections of misconduct upon the office of the [Attorney General]." *Kelley v. Tanksley*, 105 Ga. App. 65, 66-67 (123 SE2d 462) (1961).

"The grand jury had no right to return the report charging or casting reflections of misconduct in office upon the [Attorney General] or impugning his character, without a presentment or true bill of indictment charging him with a specific offense against the State; and it is the right of the [Attorney General], who is the subject of such extra-judicial report, to have it expunged from the official records. [Cit.]" *Harris v. Edmonds*, 119 Ga. App. 305 (166 SE2d 909) (1969); see also *In re Presentments of the Lowndes County Grand Jury, March Term 1982*, 166 Ga. App. 258, 259 (304 SE2d 423) (1983).

OCGA § 15-12-71 (a) provides "[t]he duties of a grand jury shall be confined to such matters and things as it is required to perform by the Constitution and laws or by order of any superior court judge of the superior court of the county." Such provisions of the duties and limitations of a grand jury remain unchanged after the passage of Ga. L. 1995, pp. 1292, 1296-1297, § 6. OCGA § 15-12-71 (b) (1), (2) broadened the grand jury's civil powers of investigation. *State v. Bartel*, 223 Ga. App. 696 (479 SE2d 4) (1996). However, even while providing broadened powers for civil investigation, such amendment does not give a grand jury license to cast reflections of misconduct or impugn the character of a local office holder and thus exceed the purpose the presentment legitimately serves. *Kelley v. Tanksley*, supra at 67; see also *Thompson v. Macon-Bibb County Hosp. Auth.*, supra at

778-779.

Further and notwithstanding that the grand jury presentment exceeded legitimate criticism of even a local official under its stated purpose, the Attorney General is not a local official. The Attorney General is a state official heading a state agency. Under no legal fiction does the expanded powers of OCGA § 15-12-71 (b) allow a grand jury to civilly investigate a state official or agency; this Court expressly so held in *Floyd County Grand Jury v. Dept. of Family &c. Svcs.*, 218 Ga. App. 832, 833-835 (1) (463 SE2d 519) (1995). "[N]ot only are grand juries without power to inspect and investigate *state* offices under OCGA § 15-12-71 (b) (2), but they lack power to perform civil investigations of state offices under any other statute." (Emphasis supplied.) Id. at 835. Thus, the grand jury cannot do indirectly what it is prohibited from doing directly: poke the Attorney General for the State of Georgia in the eye and then claim that it was merely incidental to a legitimate exercise of civil investigative powers and presentments regarding *county* authorities.

The trial court erred in failing to expunge the entire "Attorney General's Investigation," from the Floyd County Grand Jury's Presentments for the May Term of 1996.

2. The second enumeration of error is that the trial court erred in concluding that a member of the Attorney General's staff was acting as a "district attorney pro tempore" under OCGA § 15-18-5 (a) (3) in the handling of matters relating to individuals affiliated with the Hospital Authority of Floyd County.

The Attorney General derives his power and authority from Art. V, Sec. III, Par. IV of the 1983 Constitution of the State of Georgia and certain other statutes: OCGA §§ 32-1-5; 45-15-3 (3), (6); 45-15-10; 45-15-12; 45-15-17; 45-15-18; and 45-15-35. The Attorney General derives no power or authority from OCGA § 15-18-5 (3); such statute serves merely as the procedural vehicle by which a requisition is made to the Governor for the services of the Attorney General as a state prosecutor. Under OCGA § 15-18-5 (2) and (3), neither the Attorney General nor a district attorney from another circuit need derive any further powers under the act, because they have already received the oath of office, been empowered to prosecute state cases, and been salaried to compensate for the performance of such prosecutorial services. Thus, they are not district attorneys pro tempore when they are called upon to serve. In contrast, a *private* attorney who is selected to temporarily serve the function of district attorney has taken no oath, been granted no prosecutorial powers and discretion, nor been granted any compensation except under OCGA § 15-18-5 (a) (1) and (b). The plain language of OCGA § 15-18-5 (b) states that a private attorney serving as a district attorney pro tempore is granted the prosecutorial powers and compensation.

Clearly, no mention is made of district attorneys from other circuits or the Attorney General, because they derive such powers from their respective prosecutorial offices. Thus, the Attorney General or a district attorney from another circuit may retain their respective offices and continue their prosecutorial functions in another county without becoming a district attorney pro tempore for the purposes of the prosecution.

To hold that the Attorney General or a member of the State Law Department, when serving under requisition from the Governor ceases to be a state official and becomes a district attorney pro tempore, thereby transforming into a county office holder within the ambit of OCGA §§ 15-18-5 (a) (3) and 15-12-71 (b) (1), (2) subject to a grand jury's aspersions is an insupportable legal fiction that is derived from neither case law nor statute. At the greatest stretch of such legal fiction, it could be argued that the Attorney General held his state office and a temporary local office simultaneously; however, even under such analysis, the grand jury in the case sub judice would have acted ultra vires, because to malign one is to malign the other, as they are inseparable. There are many state offices filled at the local level by dual agency with designation as state agents employed by the county; however, such individuals are state agents for purposes of the grand jury. See *Floyd County Grand Jury v. Dept. of Family &c. Svcs.*, supra.

The trial court erred in holding that the Attorney General or a member of his staff was not a state agent but, in fact, a district attorney pro tempore.

3. The final enumeration of error is that the trial court erred in failing to expunge the entirety of the report on the "Attorney General's Investigation" in that the remaining portions of the report cast reflections of alleged misconduct and constitute a violation of the due process rights of the Attorney General.

Under Art. I, Sec. I, Par. I of the 1983 Constitution of Georgia, due process is guaranteed to all; generally, such grant of due process is co-extensive with the Fifth and Fourteenth Amendments of the Federal Constitution; however, it may afford greater safeguards. In the case sub judice, the General Assembly, has as a matter of sound legislative reasoning granted to public office holders facing indictment the right to appear before a grand jury with counsel, to give sworn testimony without cross-examination, and to view but not cross-examine witnesses appearing against them. OCGA § 45-11-4. In finding that such right had a rational legislative purpose, the federal circuit court of appeals found that such right was needed because of the potential that grand jurors might be influenced by political considerations to indict public officials for misconduct in office. *Sweeney v. Balkom*, 358 F2d 415 (5th Cir. 1966). The appellate

courts of Georgia also have recognized that grand juries can trample a public official's due process rights. *Thompson v. Macon-Bibb County Hosp. Auth.*, supra at 778; *Kelley v. Tanksley*, supra at 66. The only redress available to the office holder is to have the offending language expunged from the public record; such has been the uniform remedy applied by the Georgia courts.

As such rights were not afforded the Attorney General in the case sub judice, the trial court erred in failing to expunge in its entirety the "Attorney General's Investigation," portion of the presentment.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 25, 1997 — ■

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Counsel to the Attorney General, Daryl A. Robinson, Deputy Counsel to the Attorney General*, for appellant.

*Stephen F. Lanier, District Attorney, Troutman Sanders, Norman L. Underwood*, for appellee.

