A04A0500, A04A0501. IN RE JULY-AUGUST, 2003 DEKALB COUNTY GRAND JURY (two cases).

(595 SE2d 674)

ELDRIDGE, Judge.

The July-August 2003 DeKalb County Grand Jury appeals from the expunging, redaction, and striking by the supervising superior court judge of portions of its civil investigation of county officials in the proposed presentment as ultra vires on motion by the Chief Executive Officer of DeKalb County. The original record, the two-part supplemental record, and the two-part transcript do not contain a copy of the proposed presentment or the motion to expunge portions of the grand jury presentment, which, if filed, were filed in the trial court under seal but which filed record contained only the redacted presentment. Upon order of this Court, the proposed presentment prior to redaction was sent up by the Clerk of the DeKalb Superior Court as well as the objections by the CEO to it, which was some three and one-half months after the case was docketed. The original record contains the trial court's order of expungement, order to place under seal, and the redacted grand jury presentment. Finding no error, we affirm.

*Case No. A04A0500*

1. The May-June Grand Jury recommended that "[i]n view of recent events published by the Atlanta Journal-Constitution, we recommend that the next Grand Jury investigate payment of excessive overtime to DeKalb County Government employees, as well as the security detail for DeKalb Chief Executive Officer Mr. Vernon Jones." As a result, the July-August Grand Jury subpoenaed Jones, the

DeKalb County CEO, and had him testify before it; also testifying were the DeKalb Police Chief; the Executive Assistant to the CEO; the Chief Financial Officer; the Personnel Director; and the DeKalb Fire Chief.

At the end of the term, the grand jury made a proposed presentment regarding such issues that voiced criticism of Jones and other officials and which Jones contended was ultra vires.

On September 4, 2003, the supervising superior court judge held a hearing and received evidence and heard argument on the motion to expunge, filed by the CEO, and the unfiled proposed presentment, which was critical of him and other officials. On September 10, 2003, the trial court entered an order that expunged six paragraphs or parts of paragraphs from the proposed presentment and ordered that the proposed presentment, the motion to expunge, the hearing motion, and briefs all be sealed. On September 11, 2003, the redacted presentment was filed with the court. On February 10, 2004, under order of this Court, the superior court clerk filed the missing documents.

After examining the proposed presentment and the expunged presentment and rest of the record, we find that Jones had an opportunity to testify before the grand jury under oath, although it was under subpoena, and that those individuals that he would have called as witnesses also testified under subpoena; therefore, any of his due process rights under *Thompson v. Macon-Bibb County Hosp. Auth.*, 246 Ga. 777 (273 SE2d 19) (1980), were satisfied. We further find that the expunged portions of the proposed presentment were in fact ultra vires and were properly expunged by the trial court. Id.; *In re Floyd County Grand Jury Presentments for May Term 1996*, 225 Ga. App. 705, 708-710 (1), (3) (484 SE2d 769) (1997); *In re Hensley*, 184 Ga. App. 625, 626-627 (1) (362 SE2d 432) (1987); *In re Gwinnett County Grand Jury Proceedings*, 180 Ga. App. 241, 242 (348 SE2d 757) (1986); *Harris v. Edmonds*, 119 Ga. App. 305 (166 SE2d 909) (1969); *Kelley v. Tanksley*, 105 Ga. App. 65, 66 (123 SE2d 462) (1961).

*Case No. A04A0501*

2. The CEO cross-appealed to have this Court declare OCGA §§ 15-12-71 (b) and (c) and 15-12-80 unconstitutional, either per se or as applied in this case, or to declare that the grand jury in this case was clearly outside the scope of its authority, ultra vires, and expunge the entire presentment as filed instead of only portions of the proposed presentment as already ordered by the trial court.

For a constitutional issue to be reviewed by an appellate court, the constitutional objection must be raised in writing at the earliest opportunity before the trial court and then ruled upon by the trial

court. See *Maree v. Phillips*, 272 Ga. 52, 55 (6) (525 SE2d 94) (2000). After the constitutional issue has been properly raised in the trial court, the trial court must rule upon the issue; the appellate court lacks subject matter jurisdiction to decide issues never ruled upon by the trial court. See *Pimper v. State of Ga.*, 274 Ga. 624, 627 (555 SE2d 459) (2001). Such constitutional error is waived unless ruled upon by the trial court. *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000). Neither the trial court's order of September 10, 2003, the record nor the transcript of the September 4, 2003 hearing, provides evidence that the trial court ruled upon and decided the constitutional attacks on these statutes. Therefore, these issues were never properly preserved for review by this Court.

In this case, the CEO failed to cite to the written record where the constitutional attack on the statutes was made and where the trial court ruled upon such constitutional challenges. On careful examination of the September 10, 2003 "Order Granting Motion to Expunge Grand Jury Presentment," nowhere in the order did the trial court address the constitutional issues raised in the cross-appeal and clearly rule upon such constitutional issues; therefore, such issues are waived.

*Thompson v. Macon-Bibb County Hosp. Auth.*, supra at 778, raised the concern over procedural due process safeguards to protect public officials from ultra vires criticism and urged legislative remediation to provide such procedural due process; however, as in this case, judicial proceedings to review prior to public presentation of a presentment and expungement of ultra vires criticism satisfies procedural due process concerns by de novo judicial review as well as review of any violation of the statutory limits. See *Miles v. Shaw*, 272 Ga. 475, 478 (532 SE2d 373) (2000) (de novo hearing before superior court on a driver's license revocation). Thus, if a party is denied procedural due process in either an administrative or other proceeding but has the opportunity for subsequent judicial review, the correction of any ultra vires act and procedural due process has been afforded by the subsequent judicial review. "[T]he initial administrative appeal may fall short of fulfilling the requirements of due process, so long as that shortcoming is satisfied in a subsequent judicial review to which [the public official] is entitled regardless of whether he or she first seeks [or has any other remedy]." Id. at 478. Procedural due process may be satisfied by a subsequent remedial proceeding where notice and an opportunity to be heard are afforded. *Camden County v. Haddock*, 271 Ga. 664, 665 (1) (523 SE2d 291) (1999) (procedural due process is afforded where a public employee has notice and an opportunity to be heard either prior to or subsequent to termination); *Norris v. Henry County*, 255 Ga. App. 718, 719 (1) (566 SE2d 428) (2002) (public employee after termination given a hearing). Thus,

protection by the superior court to prevent the publication of a proposed grand jury presentment containing ultra vires matters affords both a remedy to any statutory violation and procedural due process protection. In this case, we have found that the superior court correctly acted to expunge only the ultra vires portions of the presentment, then the remainder of the presentment ceases to be ultra vires in violation of statutory limits and can be filed and published.

Where the judicial review fails to expunge all ultra vires criticism before publication, there are both violations of the statute as exceeding the scope of authority and procedural due process. See *In re Floyd County Grand Jury Presentments*, supra at 708-710 (1), (3). When the superior court in the exercise of its fundamental equity powers addresses such ultra vires acts of the grand jury,

> [t]here is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or of public officers, boards, or commissions which are ultra vires and beyond the scope of their authority, outside their jurisdiction, unlawful, or without authority.

(Citations and punctuation omitted.) *League of Women Voters of Atlanta-Fulton County v. City of Atlanta*, 245 Ga. 301, 303 (1) (264 SE2d 859) (1980).

There is nothing in *Thompson v. Macon-Bibb County Hosp. Auth.*, supra at 778; *In re Floyd County Grand Jury Presentments*, supra at 707; *In re Hensley*, supra at 626-627 (1); *In re Gwinnett County Grand Jury Proceedings*, supra at 242; *Harris v. Edmonds*, supra at 305; *Kelley v. Tanksley*, supra at 66; or 1996 Op. Atty. Gen. No. U96-15, that mandates the expungement of an entire presentment after the trial judge appropriately redacts all ultra vires criticism. *Kelley v. Tanksley*, supra at 67, and *In re Hensley*, supra at 627 (1), allowed the presentments to be filed and published after the ultra vires matters were expunged.

In this case, we must now determine if there remains any unredacted ultra vires statements that should be expunged. The CEO attacks as ultra vires the proposed presentment as well as the redacted presentment filed, which has now been expunged. The portions expunged are found by this Court to have been ultra vires in Division 1 and as found by the trial court. To the extent that "statements unnecessary to the purpose sought to be accomplished by the report, [which statements cast] reflections of misconduct [in office] upon a public officer [and impugn] his character," such statements have been properly expunged by the trial court. (Citations and punctuation omitted.) *In re Gwinnett County Grand Jury Proceedings*, supra at 242.

> The report of the grand jury sought to be expunged from the records in the instant case [is] not a special presentment or true bill of indictment charging any individual with the violation of the penal laws of this State. It [is] in the nature of a general presentment or recommendation in which the grand jury took note of [alleged excessive overtime for county employees]. [W]e think it was within the province of the grand jury to focus attention upon this [matter] and make appropriate recommendations.

*Kelley v. Tanksley*, supra at 66-67. From the filed and redacted presentment, the remaining limited criticisms made by the grand jury come within the ambit of OCGA §§ 15-12-71 (b) and (c) and 15-12-80 and do not appear to be criticisms of "misconduct in office" or "impugned character" as "politics and local feuds" as found by the trial court. *In re Floyd County Grand Jury Presentments*, supra at 708-710.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 26, 2004.

*J. Tom Morgan, District Attorney, Andrew C. Hall, Assistant District Attorney*, for appellant.

*Charles G. Hicks, William J. Linkous III*, for appellee.