## A03A2372. GREULICH v. THE STATE.
(588 SE2d 450)

ELDRIDGE, Judge.

After a jury trial, Vincent A. Greulich was convicted of rape, aggravated sodomy, aggravated child molestation, aggravated sexual battery, exhibiting harmful materials to minors, and five counts of child molestation, from which he appeals. Finding that the trial court did not abuse its discretion in admitting evidence and that the convictions were supported by evidence, we affirm, because after viewing all the evidence in the light most favorable to the jury's verdict, a rational trier of fact would have found beyond a reasonable doubt that he was guilty and that each element of each offense was supported by evidence showing guilt beyond a reasonable doubt.[1]

Greulich was the stepfather of B. D., the 11-year-old victim. While his wife was at work, Greulich was alone with B. D. and her brother J. D. Greulich told J. D. to leave the house; after J. D. left, Greulich closed the door and made B. D. watch lesbian pornographic movies with him. Then, Greulich sexually molested B. D. and made her perform sexual acts with him, including oral sex and vaginal penetration. Such sexual molestation occurred on at least two occasions. When B. D. visited her father and stepmother, she told them of the sexual acts. The next day, they took B. D. to the Children's Services division of the Department of Human Services.

During trial, the admission of legally obtained pornographic books and videos was objected to by the defense as irrelevant and prejudicial. Out of the presence of the jury, an evidentiary hearing was conducted as to the admissibility of such pornography, and the trial court found the evidence admissible prior to its admission.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Greulich contends that the pornographic books and videos should not have been admitted, because they had no connection to the charges against Greulich and unfairly biased the jury.

In the prosecution of sexual child molestation, pornographic materials are admissible only when relevant to the offenses being tried.

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

*Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999). In this case, the admitted "sexually explicit material" contained adult lesbian pornographic videos and adult pornographic literature. Greulich was charged with showing pornographic material to B. D. and playing lesbian pornographic videos while sexually molesting her in ways shown in the videos and the pornographic books. While the other pornographic material was admitted, there was no testimony regarding them at trial; however, the specific charge of showing pornographic material to a minor and testimony as to use of the films and books were sufficient linkage and connection for the admission where the charged sex offenses appeared depicted among the pornographic materials. See *Jowers v. State*, 245 Ga. App. 773, 774 (2) (538 SE2d 853) (2000). The testimony of a child victim of sexual molestation that the pornographic material was shown to her by the defendant immediately prior to or during the sexual molestation furnished sufficient linkage between the materials and the various sexual crimes for admission. Id.; see also *Beck v. State*, 250 Ga. App. 654, 656-657 (2) (551 SE2d 68) (2001).

2. Greulich further asserts that the evidence was insufficient for a rational trier of fact to find him guilty beyond a reasonable doubt under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The testimony of the victim alone is sufficient to affirm the conviction of rape. *Alford v. State*, 243 Ga. App. 212, 213 (1) (534 SE2d 81) (2000). Here, the pornographic material found in the defendant's possession corroborated the victim's testimony that she had been shown such materials during the perpetration of the crime. Likewise, the victim's testimony alone as to the offense of aggravated sodomy was sufficient; however, there was also the physical evidence of the pornographic videos as well as the witnesses to the outcry who

retold what the victim had told them about what had been done to her. See *Chancey v. State*, 258 Ga. App. 716, 718 (574 SE2d 904) (2002).

As to the charges of child molestation, we have held:

> [T]he evidence of the victim alone was sufficient to authorize the jury to find [the defendant] guilty of two counts of child molestation. No requirement exists that this testimony be corroborated. The jury obviously believed the victim's testimony as to the two counts on which [the defendant] was found guilty. Determining the credibility of witnesses is entirely within the province of the jury.

(Citations omitted.) *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002); accord *Sewell v. State*, 244 Ga. App. 449, 451 (1) (c) (536 SE2d 173) (2000); *Roundtree v. State*, 237 Ga. App. 669 (516 SE2d 533) (1999). A conviction of aggravated sexual battery is sufficiently supported by the testimony of the victim to prove guilt beyond a reasonable doubt. *Windom v. State*, 187 Ga. App. 18-20 (369 SE2d 311) (1988).

Where the victim testified that Greulich exhibited pornography to her, the pornographic material was described and identified, and the pornographic material was found in Greulich's possession, such evidence was sufficient to support the conviction beyond a reasonable doubt of exhibiting harmful materials to a minor. *Crump v. State*, 183 Ga. App. 43, 44-45 (357 SE2d 863) (1987).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 3, 2003 — ▮

*Brian M. House*, for appellant.

*Herbert E. Franklin, Jr.*, District Attorney, *Christopher A. Arnt*, Assistant District Attorney, for appellee.

