S06A1104. BREWER v. STATE OF GEORGIA.
(637 SE2d 677)

HUNSTEIN, Presiding Justice.

Acting pursuant to OCGA § 16-13-49 (n), the State of Georgia initiated administrative forfeiture proceedings on four firearms belonging to appellant Lloyd Brewer III that had been seized, along with suspected methamphetamine, by police in Lumpkin County. The State served notice of seizure on appellant by certified mail and also published the notice for three successive weeks in *The Dahlonega Nugget*, the legal organ for the county. The superior court thereafter signed an administrative order condemning the firearms and authorizing their distribution. Within thirty days of that order, appellant filed a motion to vacate in which he challenged the constitutionality of OCGA § 16-13-49 (n). After a hearing the court rejected appellant's constitutional arguments and denied the motion to vacate. Appellant brings this appeal.[1] Finding no merit to his arguments, we affirm.

---

[1] Although the administrative order condemning the firearms was signed in August 2005, it was not filed at that time because no suit had been initiated. Rather, it was filed on December 19, 2005 after the denial of appellant's motion to vacate, thus making appellant's notice of appeal, filed January 13, 2006, timely.

1. In forfeiture proceedings against property deemed to be worth less than $25,000, OCGA § 16-13-49 (n) provides in addition to the posting of the notice of seizure at the county courthouse, id. at (n) (1), that a copy of the notice be served upon the owner and "be published for at least three successive weeks in a newspaper of general circulation in the county where the seizure was made." Id. at (n) (2). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections. [Cits.]" *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE2d 865) (1950). Contrary to appellant's assertion, the publication method selected by the Legislature need not ensure actual notice in order for OCGA § 16-13-49 (n) to comport with due process. See *Dusenbery v. United States*, 534 U. S. 161, 170 (122 SC 694, 151 LE2d 597) (2002) (due process does not require government to provide actual notice). Nor do we find meritorious appellant's argument that OCGA § 16-13-49 (n) must provide for notice to be printed in the county's legal organ in order to satisfy due process. Pretermitting the undisputed facts that appellant was served by certified mail and notice was published in the legal organ, we agree with the Federal courts addressing identical language that have found publication in a "newspaper of general circulation" sufficient for due process. See, e.g., *United States v. Robinson*, 434 F3d 357, 368 (III) (D) (5th Cir. 2005) (no due process violation where notice in Southern District of Texas forfeiture proceeding was published in the *New York Times*); *Sarit v. U. S. Drug Enforcement Admin.*, 987 F2d 10, 16 (II) (A) (2) (1st Cir. 1993) (publication of notice in *USA Today*, while "not . . . a particularly effective notice vehicle for Providence, Rhode Island," did not violate due process). See also *Lobzun v. United States*, 422 F3d 503, 506, n. 3 (7th Cir. 2005) (publication of notice in *The Wall Street Journal* where currency seized in Chicago from resident of Vancouver, Canada).

2. We find no merit in appellant's argument that OCGA § 16-13-49 (n) violates his right to bear arms under the Second Amendment to the United States Constitution. As this Court has long recognized, the construction given the Federal constitution by the United States Supreme Court is conclusive, *Strickland v. State*, 137 Ga. 1, 8-9 (72 SE 271) (1911), and under controlling opinions from that Court, the Second Amendment's "right to keep and bear arms" imposes a limitation on only Federal, not state, legislative efforts. Id. at 9. See *Presser v. Illinois*, 116 U. S. 252, 265 (6 SC 580, 29 LE 615) (1886); *United States v. Cruikshank*, 92 U. S. 542, 552 (23 LE 588) (1876). See also *Bach v. Pataki*, 408 F3d 75, 84 (2nd Cir. 2005). Appellant's argument under the State Constitution was not raised and ruled on below and thus we do not address it. See generally

*Wilson v. State*, 212 Ga. 157 (1) (91 SE2d 16) (1956) (court will not pass upon constitutionality of statute not directly and properly made below and distinctly passed on by trial court). Finally, we agree with the State that 18 USC § 922 (g) (8), cited by appellant, has absolutely no application to state civil forfeiture cases.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006.

*Summer & Summer, Daniel A. Summer*, for appellant.

*N. Stanley Gunter, District Attorney, Gary D. Bergman*, for appellee.

---

[2] 18 USC § 922 (g) (8) makes it unlawful for persons subject to certain court orders (relating to the stalking or harassment of intimate partners) to possess, ship or receive firearms or ammunition.