A09A0191. COLTON v. THE STATE.
(678 SE2d 521)

PHIPPS, Judge.

In 2008, Donald Colton was convicted of aggravated sexual battery and sexual battery. For the aggravated sexual battery conviction, he was given a sentence of 25 years imprisonment followed by probation for life, pursuant to the mandate of OCGA § 16-6-22.2 (c). Under OCGA § 17-10-6.1 (b) (2) (E), no portion of the mandatory minimum sentence shall be suspended, probated, or paroled.

Colton appeals his conviction of aggravated sexual battery and his sentence. He challenges the sufficiency of the evidence to support the conviction. And he claims that his sentence constitutes cruel and unusual punishment. Finding the evidence sufficient and the sentence within statutory limits, we affirm.

The victim testified that, in July 2007, she was 17 years old and working at a child daycare center operated by Colton's wife. Colton's wife had left her alone with the children at the center when Colton appeared. She sent most of the children upstairs for a nap and began to converse with him downstairs. Although it began as a friendly conversation, Colton started making sexually inappropriate remarks to her. He then moved close to her on the couch where she was sitting, fondled her breasts, put his hands underneath her short pants, and inserted his finger into her vagina. The victim then fled into the bathroom and telephoned her mother to pick her up.

When the victim got into the car with her mother, she did not immediately tell her what had happened. Later that evening, how-

---

[2] (Citations and punctuation omitted.) *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188 (290 SE2d 529) (1982).

ever, she divulged to her mother what had occurred after she told her boyfriend and various family members. Police were notified, and the victim gave a written statement and later a recorded interview to an investigator employed by the sheriff's office. In her written statement, the victim told the investigator everything that had happened except for Colton's insertion of his finger into her vagina. At trial, the victim sought to explain that she had omitted that from her written statement, because she initially thought that she only needed to provide a brief, nonspecific summary of the incident.

When Colton first spoke to the sheriff's office investigator, he appeared surprised and shocked by the victim's allegations, denied them, and agreed to take a polygraph examination. Ultimately, he submitted to two polygraph examinations. At trial, the examiner related his conclusion that Colton had been deceptive in responding to key questions during both examinations. In addition, a sheriff's deputy who had transported Colton to and from the examinations testified that Colton had admitted to him that he had fondled the victim's breasts.

1. Colton's challenge to the sufficiency of the evidence is without merit.

> A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without that person's consent. The term "foreign object" includes not only inanimate instruments, but also a person's body parts, such as a finger.[1]

"[P]enetration however slight will suffice to satisfy the statutory penetration element."[2]

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts.[3]

"Conflicts in the testimony of the witnesses, including the State's

---

[1] *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001) (footnotes omitted).

[2] *Hendrix v. State*, 230 Ga. App. 604, 607 (4) (497 SE2d 236) (1997).

[3] *Bradley v. State*, 292 Ga. App. 737 (1) (665 SE2d 428) (2008) (citation, punctuation and emphasis omitted).

witnesses, are a matter of credibility for the jury to resolve."[4] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[5] Testimony of the victim alone is sufficient to support a conviction.[6]

Adjudged by these principles, the evidence was sufficient to support Colton's conviction of aggravated sexual battery.

2. Citing *Humphrey v. Wilson*,[7] Colton claims that his sentence of 25 years imprisonment without possibility of suspension, probation, or parole followed by lifetime probation, as mandated by OCGA §§ 16-6-22.2 (c) and 17-10-6.1 (b) (2),[8] constitutes cruel and unusual punishment.

In 2005, the defendant in *Wilson* was convicted of aggravated child molestation and given a minimum sentence of ten years in prison without possibility of parole, based on a fifteen-year-old girl's having willingly performed oral sex on him when he was seventeen years old. In 2006, the General Assembly amended Georgia law to make conduct such as Wilson's a misdemeanor.[9] The Supreme Court of Georgia held that the 2006 change in the law represented such a "seismic shift in the legislature's view of the gravity of oral sex between two willing teenage participants" that Wilson's punishment had become grossly out of proportion to the severity of his crime and therefore unconstitutionally cruel and unusual.[10] In so holding, the Court observed that in 2006 the General Assembly had also provided for a large increase in the punishment of adults who engage in child molestation and aggravated child molestation, thereby highlighting "the legislature's view that a teenager engaging in oral sex with a willing teenage partner is far from the worst offender and is, in fact, not deserving of similar punishment to an adult offender."[11] Colton's

---

[4] *Hutchinson v. State*, 287 Ga. App. 415 (651 SE2d 523) (2007) (footnote omitted).

[5] *Bradley*, supra at 737-738 (citation, punctuation and emphasis omitted).

[6] See *Greulich v. State*, 263 Ga. App. 552, 553-554 (2) (588 SE2d 450) (2003).

[7] 282 Ga. 520 (652 SE2d 501) (2007).

[8] OCGA § 16-6-22.2 (c) provides:
A person convicted of the offense of aggravated sexual battery shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7.
OCGA § 17-10-6.1 (b) (2) (E) provides that no portion of the mandatory minimum sentence imposed for aggravated sexual battery shall be "suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles."

[9] OCGA § 16-6-4 (b) (2), as amended by Ga. L. 2006, pp. 379, 387-388, § 11.

[10] 282 Ga. at 528 (3) (c).

[11] Id. at 529-530.

reliance on *Wilson* is misplaced, because neither he nor the victim fits the description of a "willing teenage participant."[12] And the sentence he received was part of the 2006 change in the law discussed without disapproval in *Wilson*.[13]

In essence, Colton has advanced a two-pronged constitutional challenge. First, he claims that the minimum sentence mandated by OCGA § 16-6-22.2 (c) is grossly out of proportion to the severity of the crime. Second, he claims that, taking into consideration his age, health, lack of prior criminal record, and stable marital and family history, there is no justification for imposition of a sentence as severe as the one the statute required the trial court to impose. Colton's first claim constitutes a challenge to the constitutionality of the minimum punishment mandated by the statute based on the punishment's severity. And his second claim resolves itself into a challenge to the constitutionality of the minimum punishment based on its mandatory nature. Either claim represents a challenge to the constitutionality of the statute itself and is thus within the exclusive jurisdiction of the Supreme Court.[14] The Supreme Court lacks jurisdiction, however, where as here the constitutional challenges were not raised and ruled on at trial.[15] As an intermediate appellate court, we uphold imposition of sentences such as Colton's as legally authorized where they are within statutory limits.[16]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 13, 2009.

*Kenneth L. Gordon*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.

---

[12] The victim's participation was, of course, not willing. And although Colton's precise age is not shown by the record, defense witnesses who were 58 years old and 56 years old testified that they went to high school with him. And his wife, who also appeared as a defense witness, testified that she had been married to him for almost 40 years.

[13] See Ga. L. 2006, pp. 379, 391, § 16 (amending OCGA § 16-6-22.2); pp. 393-394, § 20 (amending OCGA § 17-10-6.1).

[14] *Harrison v. Wigington*, 269 Ga. 388, 389 (1) (497 SE2d 568) (1998).

[15] See *Brewer v. State of Ga.*, 281 Ga. 283, 284-285 (2) (637 SE2d 677) (2006).

[16] See *Bennett v. State*, 292 Ga. App. 382, 383-385 (1) (665 SE2d 365) (2008), and cits.