## S89A0007. ROZIER v. THE STATE.
(383 SE2d 113)

MARSHALL, Chief Justice.

Catherine Tobuku-Metzger mislaid her purse on December 3, 1987. She reported it as stolen and listed several items of value which were within the purse, including a VISA financial-transaction card. On December 30, 1987, DeKalb police responded to a domestic-disturbance call. The complainant identified defendant Michael Edward Rozier to the police. Rozier ran upon seeing the police, was subsequently apprehended, and a search of his person was conducted. The police found Rozier to be in possession of Metzger's social security card and VISA card.

Rozier was handed over to a DeKalb police investigator. Rozier received and waived his *Miranda* rights and gave the investigator a written statement. Rozier admitted that he found the card at his workplace and had intended to turn it over to his supervisor. Subsequently, Rozier was charged with financial-transaction-card theft under OCGA § 16-9-31.

The trial court found Rozier guilty under OCGA § 16-9-31 and sentenced him to two years in jail, one year on probation, and $1,000 in fines.[1] We affirm.

1. The defendant asserts that OCGA § 16-9-31 is vague and over-

---

[1] The defendant was indicted on December 30, 1987. The jury returned a guilty verdict on April 27, 1988. The notice of appeal was filed on May 18, 1988. The case was transferred from the Court of Appeals on May 5, 1989. The transcript was filed and docketed in this Court on May 16, 1989. This case was submitted for decision without oral argument on June 30, 1989.

broad in violation of the First, Fourth, Sixth, and Fourteenth Amendments to the U. S. Constitution. We do not agree.

In *King v. State*, 246 Ga. 386, 387 (2) (271 SE2d 630) (1980), this Court held:

> A fundamental requirement of a criminal statute is that it gives "fair warning" of what conduct is criminal. Further, it must not be so vague, uncertain or ambiguous as to make it improbable that ordinary people of equal intelligence could misconstrue its meaning.

The U. S. Supreme Court has stated that "we can never expect mathematical certainty from our language." Even though a statute may be marked by " 'flexibility and reasonable breadth, rather than meticulous specificity,' " if it is nonetheless "clear what the ordinance as a whole prohibits," the statute is not unconstitutionally vague. *Grayned v. City of Rockford*, 408 U. S. 104, 110 (92 SC 2294, 33 LE2d 222) (1972).

OCGA § 16-9-31 provides in part:

> (a) A person commits the offense of financial transaction card theft when: (1) He takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent.

The defendant claims that the above statute is vague and overbroad. Section 16-9-31 gives clear notice of what activity is prohibited. The statute prohibits the precise type of behavior that the defendant engaged in by withholding a cardholder's credit card from him regardless of the manner in which one may have obtained the credit card. For a discussion on the meaning of the word "withhold" as used in OCGA § 16-9-31, see *Thomas v. State*, 176 Ga. App. 771 (3a, b) (337 SE2d 344) (1985).

2. The trial court did not err in admitting a business record over the defense's objections.

3. The trial court properly charged the jury on circumstantial evidence.

4. The trial court was correct in denying the defendant's requested charge regarding claim of right on lost and mislaid property. The defendant did not assert at trial that he believed he had a right to the property. Following *Joiner v. State*, 163 Ga. App. 521, 523 (5) (295 SE2d 219) (1982), "instructions even though abstractly correct . . . should not be given unless authorized by the evidence." Also, OCGA § 16-8-10, which provides for the defense of a claim of right, applies only to Code §§ 16-8-2 through 16-8-7; thus, the defense of a claim of right does not apply to financial-transaction-card-theft cases.

5. The defendant asserts that it was improper for the trial court to charge the jury on flight. "It is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons." *Lockette v. State*, 181 Ga. App. 649 (1) (353 SE2d 585) (1987); *Booker v. State*, 257 Ga. 37 (5) (354 SE2d 425) (1987). Therefore, the charge was proper.

6. The evidence when viewed most favorably to the prosecution would authorize a rational finder of fact to find the defendant guilty of financial-transaction-card theft beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Fran W. Shoenthal, Assistant District Attorneys*, for appellee.