S07A0085. IN THE INTEREST OF J. R. R. et al., children.
(641 SE2d 526)

CARLEY, Justice.

On February 2, 2006, a petition for temporary letters of guardianship for two minor children (hereinafter Children) was filed in the probate court by their maternal grandmother (hereinafter Grandmother). Attached to the petition was a temporary relinquishment of rights signed by Children's parents (hereinafter Parents). Temporary letters of guardianship were issued. Parents subsequently filed a petition to terminate the temporary guardianship, and Grandmother objected. After a hearing, the probate court struck as unconstitutional two provisions in the recently revised guardianship code, OCGA § 29-1-1 et seq., which became effective on July 1, 2005. As a direct result of that decision, the probate court, in the same order, granted the petition to terminate the guardianship. Grandmother filed a notice of direct appeal to the Court of Appeals, which transferred the appeal to this Court as coming within our exclusive jurisdiction over all cases in which the constitutionality of a law has been drawn in question. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); OCGA §§ 5-3-2 (b), 15-9-123; *In re E. P. M.*, 189 Ga. App. 770 (377 SE2d 535) (1989).

It is well established that this Court does not ever " 'pass upon the constitutionality of an Act of the General Assembly unless it clearly appears in the record that the point was directly and properly

---

[5] *Morgan v. State*, 275 Ga. 222, 228 (564 SE2d 192) (2002); *Stroud v. State*, 272 Ga. 76, 78 (526 SE2d 344) (2000).

made in the court below and distinctly passed on by the trial judge. [Cits.]' [Cits.]" *Pitts v. G.M.A.C.*, 231 Ga. 54, 56 (199 SE2d 902) (1973). Here, the probate court distinctly passed on the constitutionality of provisions of the guardianship statute. However, in considering whether the issue was directly and properly raised for consideration by the probate court, we note that the petition to terminate the guardianship did not make any constitutional challenge. Indeed, "no constitutional question was raised in the trial court in the pleadings or any other portion of the record." *Walker v. Hall*, 226 Ga. 68-69 (172 SE2d 411) (1970). There is not any transcript of the hearing, as the parties agreed that the probate court's order accurately represents the evidence. Moreover, even assuming that a constitutional question had been asserted at that time, it was "not properly raised by mere oral argument." *Gant v. Gant*, 254 Ga. 239, 240 (1) (327 SE2d 723) (1985).

Nevertheless, the probate court, apparently acting on its own motion, declared two statutory guardianship provisions unconstitutional.

> It is well settled that an Act of the General Assembly, although palpably unconstitutional, may not be so declared by the courts of this State in the absence of a proper attack thereon. [Cits.] Such rule is as applicable to the trial court as to this [C]ourt. [Cit.]

*Robinson v. McLennan*, 224 Ga. 415, 416 (2) (162 SE2d 314) (1968). See also *Duncan v. Duncan*, 226 Ga. 605, 606 (3) (176 SE2d 88) (1970) (even if a ruling on a constitutional question was made, it would not "necessitate this [C]ourt's passing on the issue of constitutionality, since such issue had not been properly injected into the case by the parties, as held . . . hereinabove"). Accordingly, the judgment of the probate court "must be reversed since [it] was without authority to declare an Act unconstitutional in the absence of a proper attack upon it. Whether or not [either of the guardianship statutes] is in fact unconstitutional is not passed upon." *Robinson v. McLennan*, supra at 416 (2) (b).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Flint & Connolly, John F. Connolly, Campbell & Associates, Steven M. Campbell*, for appellant.
*Shriver & Gordon, Mark O. Shriver IV*, for appellees.