S06A1714. HILL v. THE STATE.
(642 SE2d 64)

HUNSTEIN, Presiding Justice.

Charles Hill was found guilty of felony murder and kidnapping with bodily injury, among other crimes, arising out of a botched armed robbery of a fast food restaurant in Savannah. He appeals from the denial of his motion for new trial challenging the sufficiency of the evidence, the admission of his statement to police, the sentence

imposed by the trial court and the effectiveness of counsel. For the reasons that follow, we affirm his convictions and vacate in part his sentence.[1]

1. (a) Construing the evidence in the light most favorable to uphold the verdict, the jury was authorized to find from the evidence adduced that appellant and Derek Horne decided to rob a Church's Chicken restaurant. They armed themselves and dressed in a manner to disguise their faces. As victims Abraham and Crawford left the restaurant in the early morning hours of February 7, 2004, appellant and Horne assaulted them at gunpoint and forced the victims back into the restaurant's kitchen. When an alarm sounded, Abraham fled and was chased by Horne, who believed Abraham had the restaurant's money. Appellant allowed Crawford, who had begged for his life, to escape. Appellant then followed Horne. Appellant told police he was present when Horne dragged Abraham into an alley and forced him at gunpoint to kneel. Horne asked appellant whether he should kill Abraham. Appellant told a witness that his first response to Horne's inquiry was "no, don't" but he then said "I don't know, man, it's up to you." Horne fatally shot Abraham. Appellant and Horne fled together to a nearby house. When appellant subsequently drove past the police investigating the crime scene, he commented to witnesses that he and Horne had "done that."

Appellant concedes the sufficiency of the evidence to support his convictions for the crimes that occurred at the restaurant, but contends the evidence was insufficient to find him guilty of the crimes that occurred in the alley.

---

[1] The crimes occurred on February 7, 2004. Hill and Derek Horne were indicted May 12, 2004 in Chatham County in a 27-count indictment that, pertinent to Hill, charged him with malice murder, two counts of felony murder, four counts of aggravated assault (two each for each victim), armed robbery, kidnapping, kidnapping with bodily injury, burglary and seven counts of possession of a firearm during the commission of a felony. He was acquitted of malice murder and found guilty on all of the remaining 17 counts on July 21, 2005. He was sentenced to two consecutive life sentences (for felony murder and kidnapping with bodily injury); two 20-year sentences to serve concurrent to the life sentences (for kidnapping and armed robbery); two 20-year probated sentences, consecutive to each other and concurrent to the life sentences (aggravated assault on Crawford and burglary); two five-year sentences to serve consecutive to the life sentences and each other on possession of a firearm during the commission of a felony; three five-year probated sentences to serve consecutive to the other probated sentences and concurrent with the life sentences on three remaining firearm possession charges; and one five-year probated sentence concurrent to the other probated sentence and consecutive to the armed robbery sentence on one firearm possession charge. The trial court merged one felony murder charge, three aggravated assault charges and one firearm possession charge. Hill's motion for new trial, filed September 7, 2005 and amended February 1, 2006, was denied March 16, 2006. A notice of appeal was filed March 27, 2006. The appeal was docketed June 14, 2006 and was submitted for decision on the briefs.

> "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). "A person is concerned in the commission of a crime only if [he]: . . . (3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime." OCGA § 16-2-20 (b). Mere presence at the scene of a crime and mere approval of the criminal act are not sufficient evidence to establish that the defendant was a party to the crime. [Cit.] Proof that the defendant shares a common criminal intent with the actual perpetrators is necessary ([cit.]), and may be inferred from the defendant's conduct before, during, and after the crime. [Cit.]

*Eckman v. State*, 274 Ga. 63, 65 (1) (548 SE2d 310) (2001). The State presented evidence from which the jury could conclude that appellant was willingly present when Abraham was killed in the alley; that Abraham was targeted as part of the on-going attempt, in which appellant was involved, to obtain money from the restaurant; that appellant fled the crime scene with Horne; and that he afterwards bragged about his participation in the crimes.

> Since there was evidence that appellant was present when the crimes were committed and the jury could infer from [his] conduct before and after the crimes that [he] shared the criminal intent of the actual perpetrator[ ], the evidence was sufficient to authorize [appellant's] convictions as a party to those crimes. [Cits.]

Id. Accordingly, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crimes for which he was convicted under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Contrary to appellant's contention, the trial court did not err by sentencing him on the armed robbery count. Although armed robbery served as the predicate felony for one count of felony murder, there was a separate felony murder count predicated on aggravated assault. When the jury found appellant guilty of both counts, it was within the trial court's discretion to choose to merge the aggravated assault rather than the armed robbery into the felony murder count for which appellant was sentenced. See *Harris v. State*, 274 Ga. 835 (2) (561 SE2d 73) (2002); *McClellan v. State*, 274 Ga. 819 (1) (a) (561 SE2d 82) (2002). We are not persuaded by appellant's arguments to overrule these decisions.

(c) However, we agree with appellant that the trial court should have merged all but three of the seven counts of possession of a firearm during the commission of a crime. Four of the seven counts involved Abraham; two of the seven counts involved Crawford. These counts should have been merged into two sentences for possession of a firearm during the commission of a crime. See *State v. Marlowe,* 277 Ga. 383 (2) (c) (589 SE2d 69) (2003). Because Count 16 was not a crime involving the person but instead involved unlawful entry into a building, see OCGA § 16-11-106 (b) (2), the trial court's sentence on that count was proper. See *Marlowe,* supra at 386 (2) (c).

2. Appellant contends the trial court erred by allowing into evidence his videotaped statement to police because the statement was improperly induced by a hope of benefit, see OCGA § 24-3-50, pointing to comments made by police that appellant would serve less jail time and be able to raise his young children if he confessed. While we agree with appellant that certain comments made by police improperly promised him that he might receive a lighter sentence if he talked with them,[2] at the hearing on the voluntariness of appellant's statement conducted pursuant to *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), appellant took the stand and responded in the negative to the question "did [the police] ever promise you anything?"

The State bears the burden of demonstrating by a preponderance of the evidence that a confession was voluntary, see *State v. Ray,* 272 Ga. 450 (2) (531 SE2d 705) (2000), and did so in this case with appellant's own testimony. Because the trial court's finding about the admissibility of appellant's statement is thus not clearly erroneous, we uphold it on appeal. See generally *Daniel v. State,* 268 Ga. 9, 10 (2) (485 SE2d 734) (1997).

3. During the August 2005 sentencing of appellant for the charged crimes, the trial court sua sponte raised the issue of appellant's contumacious conduct in a separate case, namely, the trial of appellant's co-indictee, Derek Horne, during which appellant refused to answer 117 questions posed him by the State while under a grant of use immunity. The trial court orally held appellant in contempt of court for that behavior and imposed a sentence of 20 days per refusal, for a total of 2,340 days. Appellant now enumerates error in that contempt ruling in this case. We decline to address that ruling, however, because the transcript affirmatively reflects that the contempt ruling was wholly unrelated to appellant's criminal case and will not affect the proceedings below, see OCGA § 5-6-34 (d); there is

---

[2] In particular we find improper the statement to appellant that "[y]ou want to be able to see your kids grow, not maybe, possibly be getting out when they turn 23."

nothing in the record before us to show that the oral contempt ruling was ever reduced to writing and filed of record in this case, see generally *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) (oral order neither final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk); and thus it does not appear that the contempt ruling is properly before this Court.

4. After appellant was convicted, new counsel was appointed to represent him. Although counsel filed a motion for new trial and an amendment thereto, no claim of ineffective assistance of trial counsel was enumerated and the issue was not asserted during the hearing on the motion. Thus, the record establishes that appellant failed to raise his ineffectiveness claim at the earliest practicable moment and accordingly has waived the claim. *Harden v. State*, 278 Ga. 40 (2) (597 SE2d 380) (2004) (new counsel did not raise ineffectiveness in amended motion or at hearing on motion for new trial); see generally *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987) (new counsel must raise ineffectiveness claim at earliest practicable moment). Appellant presents no pertinent authority to support his argument[3] that the appointment of different appellate counsel after this appeal was docketed alters the legal effect of his waiver of this claim.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED FEBRUARY 26, 2007 —
RECONSIDERATION DENIED MARCH 27, 2007.

*Jackson & Schiavone, Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.

---

[3] The only case cited by appellant in support of his argument is factually distinguishable. See *Hunt v. State*, 247 Ga. App. 464 (6) (542 SE2d 591) (2001) (no motion for new trial filed in that trial counsel filed notice of appeal on same day Hunt was convicted; Hunt pursued appeal pro se after trial counsel withdrew).