A07A0731. JOE RAY BONDING COMPANY, INC. v. STATE OF GEORGIA.
(644 SE2d 501)

BLACKBURN, Presiding Judge.

Joe Ray Bonding Company, Inc. (the "Bonding Company") appeals the denial of its motion for remission of judgment of bond

---

forfeiture, contending that the trial court erred in its construction of OCGA § 17-6-72 (d) (1), which provides for certain refunds of bond payments made by a surety upon location of the principal. As the trial court correctly interpreted and applied the statute, we affirm.

"[T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal." *Spivey v. State*.[1] The record shows that in June 2004, the Bonding Company entered into a bond agreement with the State of Georgia for $10,770 to secure the appearance of Layaletate Antonio McBride ("the principal") in a criminal action in Rockdale County. After the principal failed to appear, a bench warrant was issued for his arrest, and the State moved for forfeiture of the bond, which the trial court granted after a hearing, awarding the State a judgment of $9,800 in June 2005. The Bonding Company paid the judgment in full within 120 days.

Although the record is not clear as to every detail, it is undisputed that in February 2006, the principal was arrested on the bench warrant and placed into State custody in Rockdale County, and when the Bonding Company discovered this in April 2006, the Company applied for remission of 50 percent of the judgment it paid. After a hearing, the trial court denied the application, giving rise to this appeal, in which the Bonding Company argues that the trial court misconstrued OCGA § 17-6-72 (d) (1). We disagree.

OCGA § 17-6-72 (d) (1) provides, in relevant part:

> *Should the surety*, within two years of the principal's failure to appear, *locate the principal in the custody of the sheriff in the jurisdiction where the bond was made* or in another jurisdiction causing the return of the principal to the jurisdiction where the bond was made, apprehend, surrender, or produce the principal, if the apprehension or surrender of the principal is substantially procured or caused by the surety, or *if the location of the principal by the surety causes the adjudication of the principal in the jurisdiction in which the bond was made, the surety shall be entitled to a refund of 50 percent of the bond amount.* The application for 50 percent remission shall be filed no later than 30 days following the expiration of the two-year period following the date of judgment.

(Emphasis supplied.)

In interpreting this language, we give words in the statute

[1] *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context. OCGA § 1-3-1 (b). We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.

(Citation omitted.) *Osborne Bonding &c. Co. v. State of Ga.*[2]

As the principal was located in the jurisdiction where the bond was made, and not apprehended, surrendered, or produced by the Bonding Company, the applicable language is as follows:

> *Should the surety*, within two years of the principal's failure to appear, *locate the principal* in the custody of the sheriff in the jurisdiction where the bond was made . . . *if the location* of the principal by the surety causes the adjudication of the principal in the jurisdiction in which the bond was made, the surety shall be entitled to a refund of 50 percent of the bond amount.

(Emphasis supplied.) OCGA § 17-6-72 (d) (1). Therefore, where a surety merely locates the principal who is already in the custody of the sheriff where the bond was made, the surety is only entitled to a refund if the surety's location of the principal caused the adjudication of the principal. To hold otherwise would render that language meaningless.[3]

This construction avoids rewarding a surety who has not produced the principal and does not in some way facilitate bringing the fugitive principal to justice. At the same time, it recognizes the legitimate contribution of a surety who identifies a principal already in custody of the local jurisdiction, who may be misidentified or acting under an alias. See, e.g., *Osborne Bonding &c. Co. v. State of Ga.*[4] (granting reimbursement where the principal "remained incarcerated in Fulton County after his arrest because [the surety] located

---

[2] *Osborne Bonding &c. Co. v. State of Ga.*, 224 Ga. App. 590, 591 (481 SE2d 578) (1997).

[3] This construction is not inconsistent with dicta, appearing in *Confidential Bonding Co. v. State of Ga.*, 279 Ga. App. 794, 797 (632 SE2d 684) (2006), referring to the "lesser burden" of a surety who locates the principal without itself apprehending or surrendering the principal. As that case dealt with a surety who had not paid the bond amount, the summary language there did not address the detailed workings of OCGA § 17-6-72 (d) (1).

[4] *Osborne Bonding &c. Co. v. State of Ga.*, 224 Ga. App. 459, 460 (480 SE2d 900) (1997).

him there under an alias and placed a 'hold' on him, not because of the bench warrant or other court proceedings"). In such a case, the surety who correctly identifies the principal is appropriately recognized as having played at least some role in facilitating the prosecutorial process after the principal has failed to appear in court.

Here, it is undisputed that the principal had been in custody in Rockdale County for more than two months under the same name (and presumably for the same charges) under which he was originally arrested, and that the Bonding Company played no role in finding or arresting the principal. Based on this, the trial court correctly found that the Bonding Company's location of the principal (after his arrest and incarceration in Rockdale County for two months) did not cause the adjudication of the principal. Therefore, in accordance with our construction of subsection (d) (1), the Bonding Company was not entitled to the remission for which it applied.

Finally, without citing any authority, the Bonding Company argues that because the Rockdale County District Attorney's office signed a proposed order remitting 50 percent of the bond amount to the Bonding Company, the trial court should have granted the Bonding Company's application for remission. However, as the order was not signed by the trial court, it had no effect, *Titelman v. Stedman*;[5] moreover, the district attorney's consent does not change the legal effect of the statutory scheme correctly applied by the trial court. Therefore, this argument is without merit.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 29, 2007.

*John L. Strauss*, for appellant.

*Richard R. Read, District Attorney, Robert W. Houman, Assistant District Attorney, Maddox, Nix, Bowman & Zoeckler, John A. Nix, Thomas A. Bowman, Robert L. Zoeckler*, for appellee.

---

[5] *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003).