663 S.E.2d 139 (2008)
In re D.H., a child.
No. S08A0011.
Supreme Court of Georgia.
June 2, 2008.
Jessica D. Huff, Greenville, Jerry F. Pittman, Carrollton, for appellant.
Peter J. Skandalakis, Dist. Atty., Robert N. Peterkin, Asst. Dist. Atty., for appellee.
SEARS, Chief Justice.
The appellant, thirteen-year-old D.H., appeals from the trial court's judgment that she had committed the delinquent offense of disrupting a public school under OCGA § 20-2-1181. On appeal, D.H. contends that OCGA § 20-2-1181 is unconstitutionally vague and overbroad. For the reasons that follow, we affirm.
1. The evidence of record shows that D.H. became boisterous, irate, and "very loud" in a class and that the classroom activity had to stop until D.H. was removed. There was also evidence that, when D.H. was taken to the principal's office, she continued to be loud, boisterous, and disrespectful. The school principal testified that D.H. refused to comply with anything that he asked her to do, and that, although he requested *140 that she remain in his office, D.H. left the office about five times, causing the principal and other staff members to stop what they were doing, "figure out where she was going and get her back to the office." Following the conclusion of testimony, D.H.'s attorney raised a constitutional challenge to OCGA § 20-2-1181 that consisted, in total, of his statement that the statute was unconstitutionally vague. The trial court ruled against that challenge, found that D.H. was a delinquent juvenile, and placed her on probation in her own home subject to the supervision and direction of a juvenile probation specialist.
2. OCGA § 20-2-1181 provides, in relevant part, that "[i]t shall be unlawful for any person to disrupt or interfere with the operation of any public school. . . . Any person violating this Code section shall be guilty of a misdemeanor of a high and aggravated nature." D.H. contends that the statute is unconstitutionally vague, as the terms "disrupt" and "interfere" are not defined. We disagree.
A law may be unconstitutionally vague if it fails to provide the kind of notice that will enable ordinary people to conform their conduct to the law or if it fails to provide sufficient guidelines to govern the conduct of law enforcement authorities, thus making the law susceptible to arbitrary and discriminatory enforcement.[1] In Fielden, we addressed a vagueness challenge to a statute that made it unlawful to, among other things, "`prevent or disrupt a lawful meeting.'"[2] We concluded that the natural and obvious meaning of the language used in the statute was sufficiently definite to warn persons of ordinary intelligence of the conduct that was prohibited and that the statute was not subject to arbitrary and discriminatory enforcement.[3] We reach the same conclusion in this case and conclude that the phrase "disrupt or interfere with the operation of any public school" contains words of ordinary meaning that give fair notice as to the statute's application.[4] Accordingly, we affirm the trial court's ruling that the statute is not unconstitutionally vague.
3. D.H. also contends that the statute is overbroad in that it punishes speech and behavior protected by the First Amendment, such as the discussion of political issues or the handing out of pamphlets on school property.[5] Because D.H. did not properly raise this constitutional challenge before the trial court, D.H. is procedurally barred from raising it on appeal.
We have held that we will not pass upon the constitutionality of a statute when the challenge was not directly and properly made in the trial court and distinctly ruled on by the trial court.[6] To properly raise a constitutional challenge to a statute, the party attacking the statute must show three things: "`(1) [T]he statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or *141 some designated part of it, violates such constitutional provision."[7]
In the present case, D.H. did not contend that the statute was overbroad, did not contend that the statute could improperly punish protected conduct and speech, and did not refer to the First Amendment in making her challenge. Under the foregoing standards for asserting constitutional challenges to a statute, D.H.'s reference to vagueness was insufficient to raise the overbreadth challenge she now asserts on appeal.[8]
Judgment affirmed.
All the Justices concur.
NOTES
[1] City of Chicago v. Morales, 527 U.S. 41, 56-62, (119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); State v. Fielden, 280 Ga. 444, 444-445, 629 S.E.2d 252 (2006).
[2] Fielden, 280 Ga. at 444, 629 S.E.2d 252, quoting OCGA § 16-11-34(a).
[3] Fielden, 280 Ga. at 444-445, 629 S.E.2d 252.
[4] See Fielden, 280 Ga. at 444-445, 629 S.E.2d 252; Grayned v. City of Rockford, 408 U.S. 104, 108-112, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (school anti-noise ordinance not unconstitutionally vague, as ordinance, as a whole, clearly prohibits noisy or diversionary activity that disrupts normal school activity); Cameron v. Johnson, 390 U.S. 611, 616, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968) (statute that prohibited "picketing . . . in such a manner as to obstruct or unreasonably interfere with free ingress or egress to and from any . . . county . . . courthouses" not unconstitutionally vague).
[5] Fielden, 280 Ga. at 445, 629 S.E.2d 252 (even if statute is clear about what it prohibits, it can be unconstitutionally overbroad under First Amendment if it stifles expression or conduct); Houston v. Hill, 482 U.S. 451, 453-467, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (ordinance that is not vague may be struck down as overbroad under First Amendment).
[6] In the Interest of J.R.R., 281 Ga. 662-663, 641 S.E.2d 526 (2007); Brewer v. State of Ga., 281 Ga. 283, 285, 637 S.E.2d 677 (2006).
[7] DeKalb County v. Post Properties, 245 Ga. 214, 218, 263 S.E.2d 905 (1980) (quoting Richmond Concrete Products Co. v. Ward, 212 Ga. 773, 774, 95 S.E.2d 677 (1956)). Accord Cooper v. State, 277 Ga. 282, 284, 587 S.E.2d 605 (2003); Wallin v. State, 248 Ga. 29, 30, 279 S.E.2d 687 (1981).
[8] Id.