## S08A0761. JENKINS v. THE STATE.
(670 SE2d 425)

BENHAM, Justice.

On March 26, 2002, James Orin Jenkins pled guilty and was convicted of criminal attempt to commit rape and possession of

---

marijuana. Upon his release, Jenkins registered as a sex offender with the Henry County Sheriff's Department. On or about May 31, 2006, Jenkins changed residences without registering his new address in accordance with OCGA § 42-1-12 as it existed at that time. The trial court sentenced Jenkins to three years in prison for violating OCGA § 42-1-12. Jenkins appeals alleging that he did not violate the statute and, alternatively, that the statute was unconstitutionally vague.

1. "It is incumbent upon this Court to inquire into its own jurisdiction." *Nix v. Watts*, 284 Ga. 100 (664 SE2d 194) (2008); *Ferguson v. Freeman*, 282 Ga. 180 (1) (646 SE2d 65) (2007). This case is before us pursuant to our exclusive appellate jurisdiction of "all cases in which the constitutionality of a law . . . has been drawn in question." Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1). Because the trial court's ruling on the constitutional question in this case was oral, we write to determine whether the issue was distinctly ruled upon insofar as the ruling was not reduced to a written order. While final orders and judgments must be reduced to writing, signed by a judge, and filed by the clerk to be appealable (OCGA § 5-6-34 (a); *Hill v. State*, 281 Ga. 795 (3) (642 SE2d 64) (2007)), there is a distinction to be made between an appealable final judgment and a distinct ruling which invokes this Court's constitutional question jurisdiction.

OCGA § 5-6-34 (d) provides in pertinent part:

Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

Thus once the final appealable order or judgment has been issued per OCGA § 5-6-34 (a), (b), or (c), any other ruling that will affect the case below, including a ruling on a constitutional question, may potentially be considered by an appellate court if properly preserved for review. A constitutional question raised and distinctly ruled upon in the trial court need not be reduced to a written order or other similar writing to invoke this Court's jurisdiction. *In re D. H.*, 283 Ga. 556 (1) (663 SE2d 139) (2008) (this Court had jurisdiction where the constitutional question was raised and distinctly ruled upon

orally at the hearing).[1]

Here, in accordance with OCGA § 5-6-34 (a), there is a final appealable judgment of conviction for Jenkins' violation of OCGA § 42-1-12. The record reveals that prior to his trial and conviction, Jenkins raised the constitutionality of the registry statute by demurrer and motion to quash the indictment. In the transcript of the hearing on the demurrer, Jenkins argued that "OCGA § 42-1-12 is unconstitutionally vague as applied to the facts of the instant case in that the statute is so confusingly and poorly worded that it would not put persons of ordinary intelligence on notice of what it requires." Upon hearing testimony and argument, the trial court distinctly ruled that the statute was not unconstitutionally vague:

> [A]lthough the statute is very complex I don't think in the legal sense it is impossible for a person of ordinary intelligence to understand it because I've read it and I think I understand it and I don't claim to be more than a person of ordinary intelligence. At least the way statutes have been interpreted by the appell[ate] courts. . . . I think it passes the test. So I'm going to deny the demurrer.

On appeal, Jenkins contended the above ruling by the trial court was erroneous. By raising the constitutional issue and obtaining a distinct ruling from the trial court, and then raising the matter on appeal in an enumerated error, Jenkins has properly invoked this Court's constitutional question jurisdiction. *In re D. H.*, supra.

2. When Jenkins changed his address without registering, OCGA § 42-1-12 required a person convicted of a "sexually violent offense" to register as a sex offender and to notify the sheriff of any subsequent changes of address. OCGA § 42-1-12 (b) (4) (B) (2005). The statute defined "sexually violent offense" as "a conviction for violation of Code Section 16-6-1, relating to rape. . . ." OCGA § 42-1-12 (a) (7) (2005).[2] Jenkins avers he was not required to register as a sex offender and therefore did not commit a crime in failing to register because he was convicted of attempted rape under

---

[1] See also *Nathans v. Diamond*, 282 Ga. 804, 808 (2) (654 SE2d 121) (2007) ("because neither the trial court's discussion [in the transcript] nor its written order mention the other constitutional issues, it does not appear that those other issues were distinctly ruled on by the trial court"); *In re July-August, 2003 DeKalb County Grand Jury*, 265 Ga. App. 870, 872 (2) (595 SE2d 674) (2004) (constitutional issues were not preserved for review because "neither the trial court's [final] order . . . the record nor the transcript of the [hearing] provides evidence that the trial court ruled upon and decided the constitutional attacks").

[2] The law was changed in July 2006 to define a "dangerous sexual offense" as "any criminal offense under Title 16 . . . which consists of the same or similar elements of . . . [r]ape in violation of Code Section 16-6-1. . . ." OCGA § 42-1-12 (a) (10) (A) (iv) (2006).

OCGA § 16-4-1 rather than rape under OCGA § 16-6-1. We disagree with Jenkins' averment.

"The interpretation of a statute is a question of law, which is reviewed de novo on appeal." *Joe Ray Bonding Co. v. State of Ga.*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007). A criminal statute "must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted." *Fleet Finance of Ga. v. Jones*, 263 Ga. 228, 231 (3) (430 SE2d 352) (1993). "In all interpretations of statutes, the court shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). By requiring sex offenders to register, the legislature intended to notify the public of individuals who may pose a threat. *Spivey v. State*, 274 Ga. App. 834, 837 (619 SE2d 346) (2005). It also intended the sex offender registry statute to have broad applicability by "design[ing] [the statute] to require registration for a wide array of offenses." Id. at 835 (perpetrator caught in a sting and convicted of attempted child molestation was required to comply with the sex offender registry statute).

In this case, the key to interpreting OCGA § 42-1-12 (a) (7) (2005) is determining whether the statutory phrase "relating to rape" includes the crime of attempted rape. OCGA § 16-4-1 provides that criminal attempt is committed when a person, "with intent to commit a specific crime . . . performs any act which constitutes a substantial step toward the commission of that crime." Therefore, OCGA § 16-4-1 must be read in tandem with the statute defining the specific crime attempted. See, e.g., OCGA § 16-4-6 (the penalty imposed for a crime of attempt is determined by the penalty imposed for the specific crime); OCGA § 16-4-3 (person indicted for specific crime may be convicted of attempt of the specific crime without an attempt charge being listed in the indictment). In pleading guilty to criminal attempt to commit rape, Jenkins admitted he intended to commit the specific crime of rape and took a substantial step toward that end. Because the crime attempted was related to a sexually violent offense (i.e., rape), Jenkins was required to comply with the registration requirements of OCGA § 42-1-12 (b) (4) (B) (2005). Accordingly, the trial court did not err in convicting Jenkins for violating the registry statute.

3. Appellant avers OCGA § 42-1-12 as it existed at the time was unconstitutionally vague and contends the trial court erred when it determined the statute to be constitutional. A criminal statute must give "fair warning" of what constitutes criminal conduct. *Rozier v. State*, 259 Ga. 399, 400 (1) (383 SE2d 113) (1989). Here, OCGA § 42-1-12 (a) (7) (2005) clearly provided that convictions for rape and

crimes "relating to rape" required registration as a sex offender. "Even though a statute may be marked by 'flexibility and reasonable breadth, rather than meticulous specificity,' if it is nonetheless 'clear what the [statute] as a whole prohibits,' the statute is not unconstitutionally vague. [Cit.]" Id. at 400. See also *State v. Old South Amusements*, 275 Ga. 274, 276 (564 SE2d 710) (2002) (legislature is not required to draft statutes with mathematical precision). Thus, the statute was not unconstitutionally vague.

4. The evidence, to which Jenkins stipulated at a bench trial, authorized the trial court to find beyond a reasonable doubt that appellant was guilty of violating OCGA § 42-1-12. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I concur fully with the majority opinion, and write separately only to recognize the importance of Division 1 of the opinion. It is well established that this Court does not ever pass upon the constitutionality of a statute unless it clearly appears in the record that the issue was directly and properly raised in the trial court and distinctly passed on by the trial judge. *In the Interest of J. R. R.*, 281 Ga. 662-663 (641 SE2d 526) (2007). However, prior to today, this Court had never expressly determined whether a trial judge, in order to distinctly pass on a properly made constitutional challenge, must do so in a written order, or if an oral ruling will suffice. As explained by today's opinion, a distinct, oral ruling, reflected in a transcript, is sufficient and need not be reduced to writing, in order to invoke this Court's exclusive appellate jurisdiction in cases in which the constitutionality of a law has been drawn into question. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

DECIDED NOVEMBER 17, 2008.

*Abbott & Cone, David C. Abbott*, for appellant.

*Tommy K. Floyd, District Attorney, Alicia C. Gant, Assistant District Attorney*, for appellee.