# Court of Appeals
# of the State of Georgia

ATLANTA,  March 23, 2020

*The Court of Appeals hereby passes the following order:*

## A20D0327. NATHAN ROSS JOHNSON v. THE STATE.

Nathan Ross Johnson has been charged with violating the Georgia Controlled Substances Act. Johnson filed a pretrial motion, which the trial court denied.[1] Johnson then filed this application for discretionary appeal. We lack jurisdiction.

Because this action remains pending below, Johnson was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the denial of his motion. *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Although Johnson filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832- 833 (471 SE2d 213) (1996); *Scruggs v. Georgia Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

Johnson's failure to follow the required appellate procedure deprives us of

---

[1] Johnson's pro se motion is difficult to decipher. He takes issue with the provisions of the Controlled Substances Act, and he appears to seek certain jury instructions and evidentiary rulings. Although Johnson's motion could arguably be construed as a constitutional challenge to Georgia's Controlled Substance's Act, OCGA § 16-13-20 et seq., the trial court did not construe it as such. Accordingly, jurisdiction is proper in this Court. See *Jenkins v. State*, 284 Ga. 642, 643-644 (1) (670 SE2d 425) (2008) (the Supreme Court's jurisdiction is invoked where a criminal defendant raises a constitutional question that the trial court "distinctly ruled upon").

jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.

Additionally, Johnson's "Petition for Writ of Prohibition," which appears to ask this Court to prevent his arraignment on a superseding indictment, is hereby DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   03/23/2020*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*