**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 5, 2025**

# In the Court of Appeals of Georgia

A25A0005. PINKERTON v. NICHOLS.

MCFADDEN, Presiding Judge.

Kathy Nichols, the paternal grandmother of two minor children, filed a petition in superior court seeking visitation rights with her grandchildren under OCGA § 19-7-3 (d). After an evidentiary hearing, the court granted the petition and awarded grandparent visitation to Nichols. Jessica Pinkerton, the mother of the children, appeals,[1] challenging the sufficiency of the evidence supporting the visitation award; but the record contains sufficient evidence from which a rational trier of fact could have found that the grandparent visitation was authorized under OCGA § 19-7-3 (d).

---

[1] Oral argument was held in this case on December 4, 2024, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A24A0005 (December 4, 2024), available at https://vimeo.com/1036773381.

Pinkerton enumerates eight additional claims of error; but these enumerations were not preserved for appellate review, have been abandoned, or fail to show reversible error. So we affirm the judgment of the trial court.

1. *Appellant's brief*

At the outset, we note that Pinkerton's brief does not comply with our court rules. While the brief includes nine enumerations of error, it does not identify how each enumeration was preserved for review, it does not state the applicable standard of review for each enumeration, and the arguments do not follow the order of and address each enumerated error. See Court of Appeals Rule 25 (a). Pinkerton has also improperly attempted to exceed this court's limitation on the length of appellate briefs, see Court of Appeals Rule 24 (f) (1), by purporting to incorporate her request for oral argument into her brief pursuant to Court of Appeals Rule 23 (a). But that rule only authorizes the adoption of language from another properly filed appellate brief, not from other documents as a means of exceeding the mandated limits on brief length. See Court of Appeals Rule 23 (a) ("If two or more appeals are consolidated, a brief is still required to be filed in each appeal. Parties may adopt, and are

encouraged to adopt, all or a portion of another brief in the same case or from another case pending in this Court.").

> The rules of this [c]ourt are not intended to provide an obstacle for the unwary . . . ; however, briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal. In addition, the burden is upon the party alleging error to show it affirmatively in the record, and appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument.

*Tucker v. Crystal Clear Luxury Pools*, 361 Ga. App. 369, 370 (864 SE2d 462) (2021) (citation and punctuation omitted). "While we will nonetheless review [Pinkerton's] claims of error to the extent we are able to ascertain them, [s]he will not be granted relief should we err in construing [her] nonconforming appellate brief." *Clemmons v. State*, 340 Ga. App. 57, 58 (1) (796 SE2d 297) (2017).

2. *Sufficiency of the evidence*

Pinkerton claims that the evidence was insufficient to support the superior court's award of grandparent visitation under OCGA § 19-7-3. We disagree.

> On appeal from an order granting grandparent visitation, we view the evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the mandated visitation was authorized. We do not weigh the evidence or determine witness credibility, but defer

to the trial court's factfinding and affirm unless the evidence fails to satisfy the appellate standard of review.

*Luke v. Luke*, 280 Ga. App. 607, 609-610 (1) (634 SE2d 439) (2006) (citations omitted).

So viewed, the evidence showed that Nick and Jessica Pinkerton were married and the biological parents of two minor children born, respectively, in 2009 and 2012. Nichols, the mother of Nick Pinkerton, lived approximately 25 minutes away from her son and his family and was very active in her grandchildren's lives when they were young, seeing them at least once a week. Nichols regularly helped the parents by babysitting, providing transport for the children, and taking the children on various outings.

Nick Pinkerton passed away in 2014, after which Nichols continued to see her grandchildren on a regular basis. For several years, Nichols cared for the children while Jessica Pinkerton worked, got them together with their cousins, and hosted them for sleep-overs in her home. The children told the guardian ad litem that they visited Nichols twice a month, with some visits being overnight stays. But Jessica Pinkerton subsequently began restricting Nichols' contact with the children and eventually ceased all contact. As the trial court found in its final order, the children had a very

close relationship with Nichols for a number of years and there was a regular pattern of visitation and contact until the mother stopped all contact without explanation.

> OCGA § 19-7-3, the Grandparent Visitation Statute, was enacted to provide a mechanism for courts to grant a grandparent visitation rights with his or her minor grandchild, where, as here, a child's parent objects. The statute codifies a standard for the trial courts to utilize in balancing the interests of the child, the rights of the parents, and the wishes of an alienated grandparent.

*Leach v. Warner*, 360 Ga. App. 856, 858 (1) (862 SE2d 153) (2021) (citations and punctuation omitted). The statute authorizes, under certain circumstances, an award of reasonable grandparent visitation where the parent of minor children is deceased.

> [I]f one of the parents of a minor child dies, . . . the court may award the parent of the deceased . . . parent of such minor child reasonable visitation to such child during his or her minority if the court finds by clear and convincing evidence that the health or welfare of the child would be harmed unless such visitation is granted and if the best interests of the child would be served by such visitation.

OCGA § 19-7-3 (d) (1). In determining whether the health or welfare of the child would be harmed without such grandparent visitation, "the court shall consider and may find that harm to the child is reasonably likely to result when, prior to the [parent's] death, . . . [t]here was an established pattern of regular visitation or child care by the grandparent with the child[.]" OCGA § 19-7-3 (d) (1) (C).

5

Pinkerton argues that there is no evidence of harm in this case. But under the plain language of the statute quoted above, see *Barnhill v. Alford*, 315 Ga. 304, 312 (2) (b) (882 SE2d 245) (2022) (we must afford the text of OCGA § 19-7-3 its plain and ordinary meaning), the trial court was authorized to find that the children would be harmed by the lack of grandparent visitation in light of the evidence, including testimony of the parties and the guardian ad litem, of the grandmother's regular visitation with and care of the children. In its final order, the trial court expressly found harm from the lack of grandparent visitation based on the established pattern of regular visitation between Nichols and the children before and after their father's untimely death and their need for extended family. See *Davis v. Cicala*, 356 Ga. App. 873, 876-877 (2) (849 SE2d 728) (2020) (children would be harmed by lack of grandparent visitation given historical pattern of regular visitation and consideration of the children's need for extended family).

In challenging the superior court's findings, Pinkerton points to purported conflicts in the evidence and evidence weighing against visitation, including her own testimony. But resolving evidentiary conflicts was a matter for the trial court sitting as factfinder, and is not a matter for this court on appeal. Among other findings to

which we must defer, the trial court determined that the grandmother's testimony, as supported by the guardian ad litem's report, was credible, while Pinkerton's testimony was inconsistent and conflicted with her and the children's prior statements to the guardian. See *Luke*, supra (on appeal from an order granting grandparent visitation, we defer to the trial court's factfinding and do not weigh the evidence or determine witness credibility).

Pinkerton also argues that there is no evidence of mental injury to the children, citing OCGA § 15-11-2 (30) and case law involving alleged dependency for termination of parental rights. But her reliance on dependency cases and that code section, which defines the term "emotional abuse,"[2] is misplaced. Neither emotional abuse nor dependency is at issue in the instant grandparent visitation case. Compare, e. g., *In the Interest of L. K.*, 353 Ga. App. 855, 862 (840 SE2d 76) (2020) (under OCGA § 15-11-2, a "dependent child" is one who has been abused, including emotional abuse).

---

[2] OCGA § 15-11-2 (30) provides: " 'Emotional abuse' means acts or omissions by a person responsible for the care of a child that cause any mental injury to such child's intellectual or psychological capacity as evidenced by an observable and significant impairment in such child's ability to function within a child's normal range of performance and behavior or that create a substantial risk of impairment, if the impairment or substantial risk of impairment is diagnosed and confirmed by a licensed mental health professional or physician qualified to render such diagnosis."

Pinkerton further contends that the trial court improperly relied on the rebuttable presumption of harm allowed by OCGA § 19-7-3.[3] But the court did not cite or discuss the presumption in its final order or otherwise indicate that it was relying on it to find harm. So contrary to Pinkerton's contention, "the trial court did not rely upon or even apply the presumption allowed by OCGA § 19-7-3 [(d) (2)] but, instead, concluded that [Nichols] met her burden to show by clear and convincing evidence that the [children] would be harmed without visitation and that visitation was in [their] best interest under OCGA § 19-7-3 [(d)]." *Barnhill*, supra at 314 (2) (b) (punctuation omitted).

Because Nichols satisfied this burden, the trial court was authorized to "grant visitation — notwithstanding evidence or circumstances that weigh against a grant of visitation." *Luke*, supra at 611 (3). Pinkerton has thus "failed to show that the

---

[3] OCGA § 19-7-3 (d) (2) provides: "While a custodial parent's decision regarding grandparent visitation shall be given deference by the court, the parent's decision shall not be conclusive when failure to provide grandparent contact would result in emotional harm to the child. A court may presume that a child who is denied any contact with his or her grandparent or who is not provided some minimal opportunity for contact with his or her grandparent when there is a preexisting relationship between the child and such grandparent may suffer emotional injury that is harmful to such child's health. Such presumption shall be a rebuttable presumption."

[evidence supporting the grandparent] visitation order is deficient as claimed." *Beloate v. Peden*, 328 Ga. App. 64, 68 (1) (761 SE2d 487) (2014) (citation and punctuation omitted). Accord *Keith v. Callahan*, 332 Ga. App. 291, 295 (2) (772 SE2d 386) (2015) (grandparent visitation authorized where the trial court found clear and convincing evidence that the grandmother had spent significant time with the child since her birth, maintained a close relationship with the child, and that it would be harmful to the child to sever this relationship).

3. *Constitutionality of OCGA § 19-7-3*

Pinkerton contends that OCGA § 19-7-3 is unconstitutional. But the trial court did not rule on the constitutionality of the statute, and this court may "not pass upon the constitutionality of a statute when the challenge was not . . . distinctly ruled on by the trial court." *In re D. H.*, 283 Ga. 556, 557 (3) (663 SE2d 139) (2008). "[B]ecause the trial court did not . . . directly rule upon the constitutionality of [the statute], we do not consider [Pinkerton's] constitutional challenges to OCGA § 19-7-3[.]" *Barnhill*, supra at 315 (2) (b). Accord *Leach*, supra at 860-861 (2) (challenge to constitutionality of OCGA § 19-7-3 presented nothing for appellate review where it was not ruled on by the trial judge). Moreover, as Pinkerton acknowledges in her brief,

if the trial court had ruled on a constitutional challenge to the statute that our Supreme Court has not addressed, then "[t]he Supreme Court would have exclusive jurisdiction[.]" See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

4. *Written findings*

Pinkerton enumerates that the trial court erred in failing to make specific written findings of fact. Pretermitting the fact that the trial court's six-page final order contains numerous specific findings, Pinkerton has not shown that this issue was raised and ruled on in the trial court, and she has not supported the enumeration with any argument. This claim of error thus presents nothing for review and is deemed abandoned. See *Brookfield Country Club v. St. James-Brookfield, LLC*, 287 Ga. 408, 413 (3) (696 SE2d 663) (2010) (issues not ruled on by the trial court may not be raised on appeal); *In re Estate of Burkhalter*, 354 Ga. App. 231, 237 (2) (a) (840 SE2d 614) (2020) (claim of error abandoned by appellant's failure to support it with discernible argument); Court of Appeals Rule 25 (d) (1) (enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned).

5. *Bifurcation*

Pinkerton enumerates that the trial court erred in failing to bifurcate the issue of harm from the issue of the best interests of the children. But Pinkerton has not shown that she sought such bifurcation in the trial court and she has not supported this enumeration with any argument. So this claim of error presents nothing for review and is deemed abandoned. See *Brookfield Country Club*, supra; *In re Estate of Burkhalter*, supra; Court of Appeals Rule 25 (d) (1).

6. *Irrelevant evidence*

In two enumerations, Pinkerton claims that the trial court erred in admitting irrelevant evidence about harm to the children and Nichols' feelings. Pretermitting whether such evidence was inadmissible, Pinkerton has not shown that she objected on this ground to any specific evidence admitted during the final hearing. "Absent an objection, we review the challenged evidence only for plain error, [but Pinkerton] neither asserts nor argues that [she has] met the plain error standard of review." *City of Atlanta v. Perkins*, 372 Ga. App. 656, 676 (2) (905 SE2d 838) (2024) (citation omitted). Pinkerton has "not carried (her) burden of demonstrating plain error on this ground on appeal." *Las Colinas Apts. v. Fannie Mae*, 365 Ga. App. 584, 589 (3) (b) (879 SE2d 686) (2022) (citation and punctuation omitted).

7. *Comparison of harm*

Pinkerton claims that the trial court erred in failing to compare the harm that would be caused by a denial of grandparent visitation with the harm that would be caused by an award of visitation. But Pinkerton has not cited any legal authority in support of this claim, let alone shown that such a comparison is required by the Grandparent Visitation statute, OCGA § 19-7-3. Instead, she makes conclusory assertions without attempting to "apply [them] to the specific facts of this case." *In the Interest of K. R.*, 367 Ga. App. 668, 677 (2) (b) (888 SE2d 204) (2023). Such "rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts." *Gryder v. Conley*, 352 Ga. App. 891, 900 (5) (b) (836 SE2d 120) (2019) (citation and punctuation omitted). Pinkerton has failed thus failed to show error.

8. *Alleviation of harm*

Pinkerton enumerates that the trial court erred by failing to explain how visitation would alleviate harm to the children and in what increments visitation would alleviate such harm. But she has made no showing that OCGA § 19-7-3 mandates such an explanation. Indeed, Pinkerton admits in her brief that OCGA § 19-7-3 "does not

require the comparison or balancing of the harm being alleviated by" grandparent visitation. This enumeration provides no basis for reversal.

9. *Attorney fees*

Pinkerton contends that the trial court erroneously failed to award her attorney fees. But Pinkerton did not request attorney fees in the trial court and she has not supported this enumeration with any argument or citation of authority. So it provides nothing for review. See Court of Appeals Rule 25 (d) (1).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*